JUDGE COEER
delivered the opinion oe the court.
On the 17th day of February, 1873, the appellees, John Hayden and wife, brought this- suit in equity, alleging in substance that they were husband and wife; that on the 28th day of October, 1867, and long before that, the said John was the owner of forty acres of land, on which he resided with his wife and family; that on that day he, without his wife joining him, executed to S. M. 'Wing and Wing, Clarke & Co. a mortgage on said land, to secure certain debts he owed them, which had been created since the act known as the “homestead act” went into effect; that in January, 1869, the mortgagees instituted suit to foreclose their mortgage, which was done, and the land was sold, and purchased by the mortgagees; that at the dates of the mortgage, judgment, sale, and confirmation of the sale they were bona fide housekeepers, with a family, and resided on said forty acres, and had no other home; that the whole tract was not worth exceeding one thousand dollars, and was therefore exempt from sale. They alleged that Joseph Hayden was in possession of the land; and making him and *278 Wing and Wing, Clarke & Co. defendants, they prayed for a judgment for the recovery of their homestead, and for rent since the mortgagees got possession.
Before an answer had been filed by any of the defendants James Weir presented his petition and was made a party, and his petition was ordered to be taken as his answer and as a cross-petition against Hayden and wife. Weir alleged that S. M. Wing had transferred his interest in the purchase to him, and that a deed had been made to him and Wing, Clarke & Co., and that they thereby became the owners of the land; that soon after the sale Mrs. Hayden abandoned her husband, and that he soon after abandoned the land, and ceased to be a housekeeper, and that he and his wdfe had ever since lived separate and apart up to a short time before the commencement of their suit. He denied that they were entitled to a homestead in the land, insisted that he was au innocent purchaser, and alleged that-dollars of the debt of S. M. Wing secured by the mortgage was created before the homestead act went into effect, and that he and Wing, Clarke & Co.' had sold and conveyed the land to Joseph Hayden.
Wing, Clarke & Co. answered, adopting the answer of Weir, but admitting that the whole of their debt was ci’eated after the homestead act went into effect.
Joseph Haydén answered, claiming to be an innocent purchaser, and exhibiting his deed, which bears date February 10, 1873, and recites the sale of the land to him for one thousand dollars, two hundred of which was paid in hand, the balance to be paid in one, two, and three years from date.
It appears from the evidence that after the commissioner’s deed to Weir and Wing, Clarke & Co. was made John Hayden rented the land from them,- and continued to reside on it until the summer of 1871, when he abandoned the land and his family, and soon thereafter his wife and children also went off, leaving the possession vacant. Hayden and wife lived *279 apart from the time of his abandonment of her until just before this suit was brought, and during that time neither of them appears to have kept house.
Upon these issues and facts, and the further fact admitted on the record that the forty acres of land were not worth more than one thousand dollars, the circuit court adjudged Hayden entitled to a homestead in the land, but refused to render a judgment for them for the value of the rent while appellants had possession, or for the rent paid by them to appellants.
From that judgment appellants, Weir, Wing, Clarke & Co., and Joseph Hayden, have appealed, and John Hayden and wife prosecute a cross-appeal.
The first section of the homestead act provides “that on all debts or liabilities created or incurred after the first day of June, 1866, there shall be exempt from sale under execution, attachment, or judgment of any court, except to foreclose a mortgage given by the owner of a homestead or for purchase-money due therefor, so much land, including the dwelling-house and appurtenances, owned by the debtor as shall not exceed in value one' thousand dollars.” .
The fifth section provides “that no mortgage, release, or waiver of such exemption shall be valid unless the same be in writing, subscribed by the defendant and his wife, and acknowledged and recorded in the same manner as a conveyance of real estate.”
Section 6 provides “that the act shall only apply to white persons who are actual bona fide housekeepers with a family.”
As to all persons entitled to the benefit of the act its effect is to take away from all courts the power to sell the homestead under a judgment for the sale of land in which the owner has a right to a homestead exemption; and a sale under it can not divest the homestead unless the right to exemption has been waived in the mode pointed out by the statute. The sale simply invests the purchaser with the title subject to the *280 exemption; and as this is all he buys, the fact that the debtor may subsequently cease to be a housekeeper, or to be entitled to the exemption, will not inure to the benefit of the prior purchaser.' He.must be presumed to have purchased subject to the exemption; and whether he did or not, he can not enlarge his purchase by subsequent events. He gets what he purchased; but if he be allowed to hold the whole land because the facts which at the time of his purchase exempted the homestead have ceased to exist, then he will get that he never purchased, that never was sold, and that was not at the time subject to sale.
What Joseph Hayden’s rights might have been if he had alleged and proved that he bought the land and received a conveyance and paid his money without notice of appellees’ homestead right we need not now decide, as there is neither allegation nor proof on this subject. The allegation that he is an innocent purchaser is but the averment of a conclusion of law. The same may be said of the averment of Weir on the same point.
The fact that John Hayden attempted a defense of the action to foreclose the mortgage and failed to claim a homestead is no waiver of the exemption; for the statute declares that it can only be waived in one way, that is, by writing subscribed by himself and his wife, and acknowledged and recorded.
The homestead right may be waived by a conveyance by husband and wife purporting to convey the whole estate, and which contains no limitation, either in the deed itself or in the certificate, of the feme’s acknowledgment. But if it appears, either in the deed or the certificate of acknowledgment, that she only released her doioer, it will not be a waiver of the homestead.
The rents accruing from the homestead while appellees were voluntarily out of possession, or which may have been *281 paid by them, can not be recovered. The payment in the one case and the surrender to appellants in the other were voluntary, and can not be disturbed.
Wherefore the judgment is affirmed on both the original- and cross-appeal.