### A. K. YOUNG *v.* D. W. PHILLIPS, ET AL.

**Exemption of Housekeeper.**

    A bona fide housekeeper with a family residing on his mortgaged land is entitled to homestead exemption in the absence of a valid release or waiver of the homestead right according to the provisions of the statute.

**Mortgagor Entitled to Exemption.**

    A person entitled to a homestead exemption is entitled to have set apart for him land upon which a house is located unless such house and appurtenances exceed in value $1,000.00 and if they do he is entitled to $1,000.00 in money out of the sale of the property.

#### APPEAL FROM MARION CIRCUIT COURT.

May 13, 1876.

OPINION BY JUDGE PETERS:

At the time of the rendition of the judgment of foreclosure and up to the time of the sale the defendant, Young, was a bona fide housekeeper with a family, and was residing in the house and on the mortgaged premises. The debt secured by the mortgage was created after the passage of the act to exempt homesteads from sale for debt, approved February 10, 1866, the first section of which provides, except for a foreclosure of a mortgage or for purchase money due therefor, that so much land, including the dwelling house and appurtenances owned by the debtor, as shall not exceed in value one thousand dollars, shall be exempt from sale, etc.

Sec. 4 provides that where the real estate owned by the debtor is of greater value than one thousand dollars, and is not divisible without great diminution of its value, the same shall be sold, etc., and one thousand dollars of the money arising from the sale shall be paid to the defendant to enable him to purchase another homestead, provided, however, that if the land, when offered for sale, does not bring more than $1,000, there shall be no sale.

Sec. 5 provides that no mortgage release or waiver of such exemp-

tion shall be valid, unless the same be in writing, subscribed by the defendant and his wife, and acknowledged and recorded in the same manner as conveyances of real estate, and that such exemption shall continue after the death of the defendant for the benefit of his widow and children, but shall be estimated in allotting dower. Myers Supp. 714.

No valid release or waiver of the homestead right is exhibited in this case, according to the provisions of the statute, supra. If the homestead is set apart in land, it must include the dwelling house and appurtenances; but if for the reasons set forth in the statute that cannot be done, there is but one other mode of proceeding prescribed by the statute, if the estate will produce more than $1,000, and that is to sell the property and pay $1,000 of the money to the purchaser.

It is an entire departure from the letter as well as the spirit of the statute to set apart land without a house on it for a homestead. The debtor must have the dwelling house and appurtenances if they do not exceed in value of $1,000, and if they do, he must surrender his house and take one thousand dollars in money, and when the facts are presented, the court has no discretion. Nor did Young, by filing his answer and consenting' to the sale of the property, waive the right to a homestead. This court, in *Wing, et al., v. Hayden, et al.,* 10 Bush 276, said that a waiver could be made only in one way, and that is by a writing signed by the debtor and his wife, and acknowledged and recorded, and that no sale of the property will divest the debtor of the right unless it has been waived in the manner pointed out by the statute.

The judgment must be *reversed* and the cause remanded with directions to sell the property, and out of the proceeds to pay appellant one thousand dollars, and apply the residue to the payment of appellees' debt and for other proceedings consistent herewith.

*Affirmed* on cross-appeal.

*R. H. Rountree, for appellant.    Russell & Averitt, for appellees.*