### JOSEPH RICKETTS v. JOHN RAPPATTO.

**Husband and Wife—Homestead.**
> Where a wife joins with her husband in a deed absolute on its face, but which is in fact a mortgage, she releases her dower, but such an instrument will not be a waiver of the homestead.

APPEAL FROM CAMPBELL CIRCUIT COURT.

February 27, 1877.

OPINION BY JUDGE LINDSAY:

It seems to be conceded that the absolute deed to Ricketts was intended to be a mortgage to secure the repayment of the money loaned to Rappatto. Although Mrs. Rappatto joined with her husband as a grantor in the deed, yet that instrument also shows on its face that her intention was to relinquish her potential right to dower.

This court, in the case of *Wing v. Hayden,* 10 Bush 276, said: "The homestead right may be waived by a conveyance by husband and wife purporting to convey the whole estate, and which contains no limitation, either in the deed itself or in the certificate, of the feme's acknowledgment. But if it appear, either in the deed or the certificate of acknowledgment, that she only released her dower, it will not be a waiver of the homestead.

This doctrine is conclusive of this case. The chancellor properly held that the homestead right did not pass under the deed.

Judgment *affirmed.*

*R. W. Nelson,* for appellant. *Berry & Hounshell,* for appellee.