## ALFRED STEPHENS v. J. J. CORNELISON.

**Bankruptcy—New Promise.**
> A debt from which a bankrupt has been released by his discharge in bankruptcy is a sufficient consideration upon which to base a new promise.

**Homestead.**
> The failure to claim a homestead, in a creditor's suit to sell the debtor's land that includes it, does not amount to a waiver of the debtor's right to sue for and recover the land.

### APPEAL FROM MONTGOMERY CIRCUIT COURT.

### January 31, 1878.

OPINION BY JUDGE ELLIOTT:

Appellant became indebted to P. A. Howard in the sum of about $300. This debt was incurred in 1861 or 1862. Afterward appellant filed his petition in bankruptcy and was adjudged a bankrupt. But on the 24th of October, 1873, he executed his note to Howard for $307.80, being the same debt for the payment of which he had been discharged by the United States Bankrupt Court. To secure the $307.80 he executed a mortgage on the place on which he then resided. Howard sold his note to the appellee, who by a suit in equity enforced the mortgage by a sale of the realty in payment thereof.

After the land had been sold, and when the report of sale was reported, the appellant filed exceptions thereto. His principal exception was that the court's commissioner had sold the entire tract of land without setting apart to him a homestead, although he was a housekeeper with a family and resided on the land. The appellee

contended that appellant had waived his statutory right to a homestead by failing to insist on it before the judgment of sale.

This court, in the case of *Wing v. Hayden,* 10 Bush 276, has decided that the failure to claim a homestead in a creditor's suit to sell the debtor's land does not amount to a waiver of the debtor's right to sue for and recover the land. The mortgage in this case did not convey the homestead privilege by reason of the failure of the appellant's wife to join in the execution and acknowledgment of the same; and as the homestead privilege was never conveyed, a judgment to sell the mortgaged property did not embrace it or authorize its sale, and the purchaser bought subject to the right of the debtor to claim it.

It is, however, said that the debt secured by the mortgage existed prior to the first of June, 1866, and that therefore appellant's homestead is not exempt from its payment. It is true appellant owed Howard about the amount of the mortgage debt in 1862, but he was discharged from that debt by the judgment of the bankrupt court in his favor, and in 1873 he executed the note sued on. It is true where the debtor owes the creditor before the first of June, 1866, and instead of paying him merely renewed the evidence of indebtedness, the homestead has been adjudged liable for the claim because the creditor had a subsisting cause of action before the passage of the homestead law, which had not been discharged either by the act of the party or judgment of a court, and therefore the liability was continuous from a time anterior to the time the homestead exemption took effect. But in this case appellant had owed Howard before June 1, 1866, but had afterward been, by a judgment of a court, discharged from the payment of the debt, and therefore he did not become liable for the claim sued on till the execution of the note and mortgage sued on.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*W. H. Holt, G. W. Trumbo, for appellant.*

*Apperson & Reid, for appellee.*