### FRANK M. LAWRENCE, ET AL., v. GEORGE B. LAWRENCE'S ADM'R, ET AL.

**Homestead Right.**

> Where several children are entitled to a homestead a creditor cannot complain because those arriving at twenty-one years of age remain in the homestead with a younger child.

**Judgment and Sale, Affect on Homestead.**

> The judgment of sale, the confirmation, deed and distribution of the money do not estop or preclude the infant children of a husband from claiming a homestead in his real estate.

**Waiver of Homestead Claim.**

> There can be no waiver of a homestead by a husband and wife except in the mode provided by the statute, and there being no statute by which infants can waive the homestead they have no such right.

APPEAL FROM McCRACKEN COURT OF COMMON PLEAS.

October 15, 1879.

OPINION BY JUDGE HARGIS:

There is no question raised in the record between the legitimate and illegitimate children of the husband, and that question cannot be considered.

As Frank M. Lawrence is the youngest of the appellants, and he has shown himself entitled to homestead, the use of which belongs to him until he arrives at the age of twenty-one years, we can see neither an injury to appellees nor any right they have to a judgment, declaring in effect that the appellant, Wm. A. Lawrence, shall not occupy and enjoy the use of the homestead with Frank M. Lawrence. That may be a matter of grace or contract upon his part, and it was erroneous to disturb or attempt to limit his right to divide the use of the homestead with his natural brother at the suit of the appellees, who had no interest in that question.

The judgment of sale, the confirmation, deed, and distribution of the money do not estop or preclude the infant children of a husband from claiming a homestead in his real property.

In the case of *Wing v. Hayden,* 10 Bush 276, it is held that "As to all persons entitled to the benefit of the act its effect is to take away from all courts the power to sell the homestead under a judgment for the sale of and in which the owner has a right to a homestead exemption, and a sale under it cannot divest the homestead unless the right to exemption has been waived in the mode pointed out by the statute. The sale simply invests the purchaser with the title subject to the exemption."

Sec. 14, Chap. 38, General Statutes, in the last clause, provides that the "land may be sold subject to the right of said widow and children, if a sale is necessary to pay the debts of the husband."

The appellant, Frank M. Lawrence, without doubt is entitled to the benefit of the act, and the court had no power to sell the homestead from him. There can be no waiver by the husband and wife except in the mode pointed out by the statute, which omits to provide any mode by which infants can waive the homestead. And by not providing a mode for waiver by them as is done in the case of husband and wife, we must presume that the legislature thereby intended to forbid waiver by infants as a protection to them. And as they are supposed in law not to be competent to engage in such transactions, this must have been the reason for the omission. Upon careful consideration of the question we are of opinion that the money paid by appellee, commissioner, to the court's commissioner, and distributed to the creditors, should not be restored to him, because he is presumed to have purchased the title of the house and lot subject to the exemption to which appellant, Frank M. Lawrence, is entitled. Wing v. Hayden, 10 Bush 276.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*W. G. Bullitt, Houston & Houston, for appellants.*

*L. D. Husbands, for appellees.*