JOHN R. DIXON, ET AL., *v.* GEORGE W. McCLURE.

**Husband's Right of Homestead.**

Where a husband mortgages his real estate, his wife not joining therein, he is entitled to claim a homestead in such property as against the mortgage, and the right continues as against the mortgagee, notwithstanding the death of his wife.

**Bankruptcy.**

The order in bankruptcy setting aside a homestead is invalid as against a pre-existing mortgage, and its only effect was to exempt the homestead from sale by the trustee.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

November 26, 1879.

OPINION BY JUDGE COFER:

At the time of executing the first mortgage the appellant was a married man and resided with his family on the mortgaged land, and his wife not uniting with him in the mortgage he was entitled to a homestead as against that mortgage, and that right continued as against that mortgage, notwithstanding the death of his wife. Her death did not increase or enlarge the rights of the mortgagee. The mortgage as executed did not vest the mortgagee with a lien on the homestead and the operation of the mortgage was the same after her death that it was before. *Wing v. Hayden*, 10 Bush 276; *Gaines v. Casey*, 10 Bush 92.

At the time of the execution of the second mortgage neither of the appellants was a married man, and as the mortgage purports to pledge the whole estate, neither is entitled to a homestead as against that mortgage. *Thorn v. Darlington*, 6 Bush 448.

The order in bankruptcy setting aside a homestead is invalid as against a pre-existing mortgage. The bankruptcy court had no power to divest the mortgagee of his security. The only effect of that court's order was to exempt the homestead from sale by the assignee.

It would have been more regular if the court had ordered the homestead to be laid off, and the residue of the land, or so much of it as was necessary for that purpose, to be sold to satisfy the first mortgage, and the residue, if any, to be sold to satisfy the second mortgage, and that the homestead should only be sold in the event it became necessary to satisfy the second mortgage. But as the amount of the second mortgage exceeds the value of a homestead,

we do not see that the substantial rights of the appellants have been prejudiced.

Wherefore the judgment is *affirmed.*

*J. R. Dabney, M. Yeoman, for appellants.*

*J. W. Lockett, for appellee.*