G. F. UMLAND vs. W. W. HOLCOMBE.

DANIEL E. POND vs. W. W. HOLCOMBE and another.

November 26, 1879.

**Homestead Exemption.**—H., a judgment debtor, owns a three-story brick building on a lot in Stillwater. He occupies the second story as a residence for himself and family. The first story is occupied by his tenant at will; the third by his tenant, under a written lease for five years, to expire July 1, 1881, and for the further term of five years, if the tenant should so choose. *Held*, that the entire building is exempt, and that a receiver cannot be appointed, in proceedings supplementary to execution, to receive the rents to become due on the lease, and apply them on the judgment.

Appeals by the defendants from an order of the district court for Washington county, *Crosby*, J., presiding, appointing a receiver.

*McCluer & Marsh*, for appellants.

*O. H. & F. V. Comfort*, for respondents.

GILFILLAN, C. J.   On judgments against the defendants, proceedings supplementary to execution were instituted against the defendant W. W. Holcombe. The disclosure showed that he owned a three-story brick building on a lot in the city of Stillwater. The second story was occupied by him as a residence for himself and his family; the first story was occupied by a tenant of his, who had no lease for any definite term; the third story he had leased in writing to a lodge of Odd Fellows, for a term of five years, ending July 1, 1881, with the further term of five years from that time, if desired by the lessee, the rent reserved being $200 a year. Upon this disclosure the court appointed a receiver of said lease, ordered Holcombe to execute to the receiver an assignment of the lease, and the receiver to collect the rents, and apply them in payment of the judgments.

The statute declares that the quantity of land designated by it, and the dwelling-house thereon, and its appurtenances,

owned and occupied by any resident of the state, shall not be subject to attachment, levy or sale upon execution, or any other process issuing out of any court within this state.

In *Kelly* v. *Baker*, 10 Minn. 124, (154,) the defendant in the execution owned a lot in the city of Rochester, on which was a brick building, the rear part of which he occupied with his family as a dwelling, and the front part of which was used for business purposes, part of it being rented. The execution was levied on the part of the lot covered by the front part of the building used for business purposes, and that part was sold. The court held the sale void, because of the homestead exemption, and laid down the rule that in such case the entire lot, and not merely that part on which the building stands, is exempt, and that the part not covered by the dwelling may be devoted by the owner to any use which he may choose, without affecting the exemption. That decision controls this case. The defendant could devote the third story of his building to any use he chose, without affecting the exemption; so that, even if there were no practical difficulty in separating the third story from the remainder of the property for the purpose of a levy and sale, it could not, through an execution, be appropriated to the satisfaction of the judgment; and what cannot, merely because of the exemption, be so appropriated through an execution, cannot be so appropriated by any proceeding of a court. Now the order under consideration is, in effect, an appropriation of this third story, for a term of years until July 1, 1881, certainly, and for five years longer if the lessee in the lease choose to continue the tenancy, to the satisfaction of the judgments; that story and the right to the use of it is for that time taken from the defendant. If, by an order, a court may deprive him of the right to use it for two or seven years, it may for any longer time. The power of a court to so deprive him of its use is not affected by the fact that there is an outstanding lease; if it were, then it would not be true, as held in *Kelly* v. *Baker*, that the owner may devote the part of

the property exempted, not actually used as a dwelling, to any use he chooses, without removing the exemption from that part.

Order reversed.