HENRY RUSSELL *v.* J. B. RUSSELL'S ASSIGNEES.

**Homestead Right Descends to Heirs.**
>   Upon the death of the owner and holder a homestead descends to his heirs, but this interest may be sold when necessary to pay debts. The proceeds of the sale of a homestead constitute a part of the estate.

**Right of Creditors.**
>   Creditors may cause the homestead to be sold subject to the right of occupancy by the children until the youngest unmarried becomes twenty-one years old.

APPEAL FROM NELSON CIRCUIT COURT.

January 22, 1880.

OPINION BY JUDGE COFER:

It is conceded that J. B. Russell retained his homestead, and it follows that the title to the homestead remained in him just as if the deed of assignment had not been made. *Wing v. Hayden,* 10 Bush 276. As to the homestead he had an absolute estate in fee, and might have sold it and invested the purchaser with a perfect title. When he died the title to the homestead descended to his heirs at

law.   Under Sec. 14 of the homestead law the remaining interest in the homestead may be sold, when necessary to pay debts, but his death did not enlarge the estate of the assignees.   It follows that the proceeds of the sale of the homestead do not belong to the assignees, but constitute a part of the general estate of Russell and, after deducting the amount paid to the guardian of the infants, should be applied as if no assignment had been made.

The infants had no estate in the land derived through the homestead law; all it gave them was a right of occupancy.   But their ancestor had the fee, and at his death it descended to them.   The creditors had a right, under Sec. 14, to sell the homestead subject to the right of occupancy by the children until the youngest unmarried attained the age of twenty-one years.

After deducting from $1,000 the amount paid for the interest of the infants under the homestead law the balance is subject to the payment of the debts of the decedent, just as if that balance constituted his whole estate, and as the appellant's is a claim preferred by statute the court erred in not directing it to be paid.

Judgment *reversed* and cause remanded for a judgment in conformity to this opinion.

*John A. Fulton, for appellant.*

*Muir & Wickliffe, for appellees.*