## B. B. VAUGHN ET AL. *v.* W. F. OWSLEY.

[Abstract Kenutcky Law Reporter, Vol. 3—249, as Vaughan v. Owsley.]

**Dower and Homestead.**

Where the wife merely relinquishes her right of dower, it does not pass the homestead, but where the husband and wife convey the whole estate, whether in the nature of a mortgage or by an absolute deed, without limitation as to the rights of either, the homestead passes.

APPEAL FROM CUMBERLAND CIRCUIT COURT.

September 15, 1881.

OPINION BY JUDGE PRYOR:

The several mortgages in this case show an absolute conveyance by the husband and wife, and in the one there is a special clause relinquishing both dower and homestead. Both conveyances were acknowledged before the clerk, and there is no room to question the correctness of the judgment below. Where the wife merely relinquishes her right of dower, it does not pass the homestead, but where the husband and wife convey the whole estate, whether in the nature of a mortgage or by absolute deed, without limitation as to the rights of either, the homestead passes. See *Wing v. Hayden,* 10 Bush (Ky.) 276. We see no error in the record authorizing a reversal.

Judgment *affirmed.*

*Scott Walker,* for appellants.

[Cited, *First Nat. Bank v. Root,* 20 Ky. L. 1863, 50 S. W. 16.]