JOSEPH QUEEN *v.* MARY E. PHILLIPS.

[Abstract Kentucky Law Reporter, Vol. 3—470.]

**Homestead.**
     A sale of real estate by the chancellor under a decree of foreclosure

does not pass the title to the homestead, for the reason that the statute expressly exempts it from sale under a judgment. In a sale under an execution the homestead right does not pass for the reason that the sheriff has no power to sell it.

### APPEAL FROM NELSON CIRCUIT COURT.

December 3, 1881.

OPINION BY JUDGE PRYOR:

The question presented by the answer of the appellee can not be determined on the record as now presented. The demurrer was sustained to the plaintiff's petition, and what purports to be the record filed with the answer is no part of the petition, and cannot be considered. The plaintiff alleges the sale of his property under an execution, the conveyance by the sheriff, and a recovery of the possession, but further alleges that this levy and sale was afterwards set aside, so it left the appellant invested with the right to the property; and no writ of habeas facias should have issued if the statements in the petition are true. In the case of *Wing v. Hayden,* 10 Bush (Ky.) 276, this court held that a sale by the chancellor under a decree of foreclosure did not pass the title to the homestead for the reason that the statute expressly exempts it from sale under a judgment. So in the case of a sale under an execution the homestead right does not pass for the reason that the sheriff has no power to sell it, but if he does sell it and makes a conveyance to the purchaser, and the latter, in an action in the nature of an ejectment, recovers the possession, the question then arises whether the defense to the recovery of the possession is a bar to the recovery of the homestead. This question, although made by the answer, can not now be decided, as the demurrer was sustained to the petition alone. It is also pleaded that the question of a right to a homestead was litigated upon the motion for the writ of habeas facias. Whether it was or not we can not decide, as no issue of fact has been made as to the affirmative matter set up in the answer.

The judgment is *reversed,* for the reason that the demurrer to the petition should have been overruled, and cause remanded for further proceedings.

*E. E. McKay, for appellant.*

*Muir & Wickliffe, for appellee.*