*Thomas & Pugh,* for appellee.

[Cited, *Talbott v. Campbell,* 23 Ky. L. 2200, 67 S. W. 53.]

---

JEFFERSON HENRY'S EXR. v. A. J. ROBERTSON, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—301.]

**Waiver of Homestead Right.**

A homestead right may be waived by a conveyance by husband and wife purporting to convey the whole estate and which contains no limitation either in the deed or in the certificate of the feme's acknowledgment; but if it appears either in the deed or in the certificate of acknowledgment that the wife only released her dower it will not be a waiver of the homestead.

**Acknowledgment of Wife Necessary to Waive Homestead Right.**

Where the county court clerk makes the following certificate: "I, C. W. Thompson, county court clerk * * * state that this day appeared before me Andy J. Robertson and acknowledged the within mortgage, and his wife, being separate and apart from her husband, voluntarily acknowledged the same," it is held that such an act by the wife duly certified to by the clerk will effectually waive the claim for homestead.

## APPEAL FROM METCALFE CIRCUIT COURT.

October 17, 1885.

OPINION BY JUDGE LEWIS:

This is an action by the executor of Jefferson Henry, deceased, to recover on the notes given at different times to the testator for borrowed money by A. Robertson and his wife, M. F. Robertson, and to enforce two alleged mortgage liens on a tract of land to satisfy the debts.

The lower court rendered personal judgment against A. J. Robertson, the husband, for the balance due on each of the two notes, but adjudged that the plaintiff had no lien on any of the land embraced in the mortgage because in the opinion of that court the clerk's certificate in each case was defective and insufficient to create a lien. From that judgment the executor appeals.

The first note and mortgage were executed June 8, 1876, and in the mortgage is the following memorandum made by the deputy clerk: "June 8, 1876. Acknowledged. Feme examined. Dower relinquished.

C. W. THOMPSON, C. M. C. C.

By J. L. WILCOXEN, D. C."

The principal clerk afterwards made a certificate to the effect that the mortgage was produced to J. L. Wilcoxen, an acting deputy for him by A. J. & M. F. Robertson and acknowledged by them to be their act and deed in due form of law, whereupon the same and his certificate were recorded, etc.

As heretofore held by this court "the homestead right may be waived by a conveyance by husband and wife purporting to convey the whole estate and which contains no limitation either in the deed or in the certificate of the feme's acknowledgment. But if it appears either in the deed or in the certificate of acknowledgment that she only released her dower it will not be a waiver of the homestead." *Wing v. Hayden,* 10 Bush (Ky.) 276.

The certificate of the principal clerk does not purport to evidence an acknowledgment before him, but before the deputy. According to the well-known maxim "expressio unius est exclusio alterius" the mention in the memorandum of the deputy clerk that the feme relinquished dower waives her homestead exemption right. As it is alleged in the answer and not denied that the defendants were bona

fide housekeepers with a family, and that the mortgaged property was worth less than $1,000, the lower court properly decided it was not subject to sale for the payment of the note mentioned.

Upon the second mortgage executed in July, 1877, to secure the payment of the note given the same day, the same deputy clerk certifies as follows: "I, C. W. Thompson, county court clerk for Metcalfe county, state that this day appeared before me Andy J. Robertson and acknowledged the within mortgage, and his wife, being separate and apart from her husband, voluntarily acknowledged the same. Whereupon I certify the same to the clerk of Metcalfe county for record. Given under my hand this July 9, 1877.

C. W. Thompson, C. M. C. C.

By J. L. Wilcoxen, D. C."

The principal clerk also certifies in accordance with the memorandum of the deputy, as he was authorized by it to do, that the foregoing mortgage was produced to his deputy and acknowledged by the parties to be their act and deed in due form of law, which certificate and memorandum were recorded with the mortgage.

In this case the wife unites with the husband in the mortgage, which purports to convey the absolute estate and with him signs it. A certificate, therefore, that she acknowledged the mortgage imports all the law requires in order to pass her homestead exemption right. In our opinion the lower court erred in refusing to render judgment subjecting the land to the payment of the balance of the note executed in July, 1877, and mentioned in the mortgage of that date.

It is, however, made a ground of defense that the description of the land mortgaged is too vague and uncertain to identify it. Whatever defect there may have existed on that account was cured by the survey of the land made under order of court, the report by which the surveyor to the court definitely describes and identifies the land.

For the reason indicated the judgment is *reversed* and cause remanded for proceedings consistent with this opinion.

*Jeff Henry, for appellant.*

*J. C. Muncie, for appellees.*