(36 South. 805.)

No. 15,166.

WILKINS v. FREMAUX, Constable, et al.

(May 23, 1904.)

HOMESTEAD—ABANDONMENT—WAIVER.

1. Where plaintiff in injunction occupied with his family three urban lots as a homestead, and built on the corner of one of the lots a small house, which he, in his vocation of preacher, used for religious purposes, this fact will not defeat his homestead rights as to the lot on which the structure was erected. The premises were not leased, but the building was used by the owner; the congregation merely contributing voluntary offerings towards payment of cost of the lumber.

2. Waivers of homestead rights must be in writing and duly recorded. Const. 1898, art. 246.

(Syllabus by the Court.)

Appeal from Eighteenth Judicial District Court, Parish of Acadia; Conrad De Baillon, Judge.

Action by Joseph Wilkins against George Fremaux, constable, and others. Judgment for defendants, and plaintiff appeals. Reversed.

Lewis & Smith, for appellant. Medlenka & Taylor, for appellees.

LAND, J. Under a writ of fieri facias issued from a justice's court, the constable seized lot No. 7, block 17, Duson's Addition to the town of Crowley, and advertised the same for sale as the property of Joseph Wilkins, defendant in execution, and said defendant (plaintiff herein) enjoined the seizure and sale of said lot on the ground that the same formed a part of his homestead, and was therefore exempt from execution under the provisions of article 244 of the Constitution of 1898.

Defendant admitted the seizure as alleged, but denied the property was exempt from seizure under the homestead laws of this state, and prayed for judgment dissolving the injunction, with damages.

Judgment was rendered in favor of the defendant herein, dissolving the injunction, with $25 damages for attorney's fees, and 10 per cent. on amount of judgment enjoined, as statutory damages. Plaintiff appealed, and defendant, for answer, prays that the judgment be amended by increasing the amount of damages awarded by the court below.

Plaintiff is a colored preacher, and in 1899 purchased three adjoining lots, which were inclosed by fences, but were otherwise unimproved. He built a house on the property, where he has continued ever since to reside with his family. The ground not occupied by his dwelling was used for the purposes of a garden and orchard. Some time after he occupied the lots as a home, he constructed a building on the corner of lot 7, about 17 feet wide and 24 or 25 feet long, which was used by himself and congregation for church meetings. The remainder of lot No. 7 continued to be used as a garden, which was separated from the house and yard by a fence not built on the line of lot No. 7, but 8 feet beyond.

Plaintiff's garden extended to within 3 feet of the house used for church purposes.

Plaintiff preached in this building, and his limited congregation paid him a small monthly stipend as pastor, and contributed 50 cents per month each toward paying for the lumber used in the structure.

Defendants' contention is that lot No. 7 was not "occupied" by plaintiff as a homestead, in the sense of article 244 of the Con-

stitution of 1898, and they cite Clausen v. Sanders, 109 La. 996, 34 South. 53.

In that case the judgment debtor owned three houses, and leased two of them, and we said: "If a debtor leases the whole of the premises, he has no right to a homestead exemption. All the decisions in other states agree upon the subject. It follows, if he cuts off a portion of his premises by a fence, and leases it, there is no good reason why the rule should not apply to the leased portion."

This principle has no application to the portion of lot No. 7 not occupied by the small house on the corner, used for religious purposes.

Article 244 exempts "the homestead, bona fide, owned by the debtor and occupied by him, consisting of lands, not exceeding one hundred and sixty acres, buildings and appurtenances, whether rural or urban, of every head of a family," etc.

Gardens and orchards go with the land. The homestead is granted not only for residence purposes, but for all purposes of general utility.

The object of the exemption is to secure to the debtor not only a house to live in, but the means of making a livelihood.

Thus the homestead may include "two work horses, one wagon or cart, one yoke of oxen, two cows and calves, twenty-five head of hogs, and on a farm the necessary quantity of corn and fodder for the current year and the necessary farming implements."

The urban debtor has as much right to his garden and orchard as the farmer has to his fields and pasture.

We have held that the homestead law requires that the debtor should occupy the premises. We have not limited the uses which the debtor in occupancy may make of the premises.

It is to be noted that the Constitution does not require that the homestead be occupied and used as a residence, as do the statutes of most of the states. Of course, the debtor must reside on the land, but the use is not restricted to residence purposes, under article 244 of the Constitution of 1898.

The general doctrine applicable when the homestead is used in part for other purposes is thus stated in Am. & Eng. Ency. Law, vol. 15, p. 583 (2d Ed.): "If premises, however, are in fact used by the owner as a residence for himself and his family, the right to claim them as a homestead is not necessarily defeated by the fact that they are not all required for such purpose, and that they are partly used for other purposes.

"As a rule, where the Constitution or statute exempts a certain quantity of land owned and occupied by the debtor, the whole is exempt, if occupied as a residence of the debtor and his family, without regard to the use to which he may put the land, or the business he may pursue thereon.

"In most states, therefore, the fact that the residence of a debtor is also used in part as his place of business, does not prevent the whole of it from being exempt as a homestead.

"Thus, if a building claimed as a homestead is in fact used as the owner's family residence, the entire building is exempt, though one of the rooms, or even an entire floor, may be used as an office, shop, or store."

This doctrine seems to us to be reasonable and just. If the soil itself be exempt by reason of occupancy by the debtor and family, there is no good reason why the exemption should be destroyed by the erection thereon of some structure useful to the occupant in his business or calling.

In the instant case the humble tabernacle was used by the plaintiff in his vocation of preacher, and the small contributions of his congregation were given for pious uses, and not paid as rents.

There is a disputed contention that plaintiff pointed out lot No. 7 for seizure. Suffice

it to say that the law requires a waiver of homestead to be in writing and duly recorded. Const. 1898, art. 246.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and it is further ordered, adjudged, and decreed that the property seized be declared exempt from execution, and that the seizure thereof be released, and that the injunction sued out by plaintiff herein be reinstated and perpetuated; defendants to pay costs in both courts.