(47 South. 682.)

No. 17,123.

GREEN v. RICHARDSON.

(Nov. 30, 1908.)

1. HOMESTEAD (§ 35*) — EXEMPTIONS—ACQUISITION — PURPOSE OF OCCUPATION — RESIDENCE.

As a rule, where the Constitution or statutes of a state exempts from seizure as a homestead a certain quantity of land owned and occupied by a debtor, the whole is exempt if occupied as a residence of the debtor and his family, without regard to the use to which he may put the land or the business he may pursue.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 50–55; Dec. Dig. § 35.*]

2. HOMESTEAD (§ 35*) — EXEMPTIONS — RESIDENCE.

If property in the country is in fact used by the owner as a residence for himself and his family, the right to claim it as a homestead is not necessarily defeated by the fact that it is not all required for such purpose, and that it is partly used for other purposes.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 50–55; Dec. Dig. § 35.*]

3. HOMESTEAD (§ 35*)—EXEMPTIONS—OBJECT.

The homestead is granted, not only for residence purposes, but for all purposes of general utility. The object of the exemption is to secure to the debtor, not only a house to live in, but the means of obtaining a livelihood.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 50–55; Dec. Dig. § 35.*]

(Syllabus by the Court.)

Appeal from Tenth Judicial District Court, Parish of Concordia; John Stirling Boatner, Judge.

Action by E. D. Green against W. P. Richardson. Judgment for plaintiff, and defendant appeals. Affirmed.

John Stirling Boatner, Jr., for appellant. Calhoun & Calhoun, for appellee.

Statement of the Case.

NICHOLLS, J. Plaintiff in his petition alleged: That he is a resident of the parish of Concordia. That he is the bona fide owner and occupant of 140 acres of land, with the buildings and improvements thereon which he described. That he is the head of a family, having a wife dependent upon him for support. That his wife, Mrs. Nannie Green, does not own nor actually enjoy property or means to the amount of $2,000. That the above described property is his homestead, and that he claims such property as his homestead, and that the same is exempt from seizure and sale, and that he has continuously resided upon the same as his homestead since the date of his acquisition of said property. That said property is worth less than $2,000. That William P. Richardson, residing in the city of New Orleans, La., has illegally caused to be seized by the sheriff of your said parish on September 25, 1907, the above-described property, under a writ of fieri facias issued in the suit of Wm. P. Richardson v. E. D. Green, bearing the number 2,319 on the docket of your said court, to pay and satisfy the judgment rendered in said case, and, unless restrained by injunction, the said Richardson, acting through the sheriff

of your said parish, will illegally cause to be advertised and sold the above-described property, to the irreparable injury of petitioner's homestead right thereon. That, by the illegal seizure aforesaid of his said homestead, he has been damaged in the sum of $500, $100 of which said above-named sum of $500 being for attorney's fees for the protection of his rights herein, and $400 thereof being for the wanton, malicious, and tortious seizure of his said homestead as exemplary and punitory damages.

In view of the premises, petitioner prays that William P. Richardson, A. H. Gillespie, sheriff of Concordia parish, be each duly cited to answer hereto, and that a writ of injunction issue addressed to W. P. Richardson and the sheriff of Concordia parish restraining them from advertising and selling the property described, and from taking any further action under the writ of fieri facias issued in said case against said property; that, after legal delays expire and due proceedings had, petitioner may have judgment against the said Wm. P. Richardson and against A. H. Gillespie, sheriff of said parish, recognizing his homestead rights upon the above-described property, and decreeing the same to be exempt from seizure and sale under the writ of fieri facias aforesaid, and that the said injunction be perpetuated, that petitioner have and recover judgment against the said William P. Richardson for the sum of $500 damages as above claimed and for all costs and for general relief.

Defendant answered, pleading a general denial. Further answering, he denied that the plaintiff was the owner bona fide of the said homestead described in his said petition. He averred that V. A. Adams is the owner bona fide of an undivided interest in and to said property claimed by plaintiff to be exempt as a homestead. Respondent averred that he desired to propound to said plaintiff interrogatories on facts and articles, to be answered in open court, touching his said

ownership of said alleged homestead; that said interrogatories are important, necessary, and material to respondent in making the defense in this case; that the plaintiff resides in Concordia parish, and within the jurisdiction of your honorable court.

In view of the premises, respondent prayed that the injunction herein issued be dissolved; that respondent have judgment for damages against plaintiff in the sum of $100 for attorney's fees, $100 actual damages, and 20 per cent. statutory damages, together with all costs; that the said property claimed to be exempt as a homestead be decreed not to be exempt as such, and that the same be ordered seized and sold by the sheriff under the writ of fieri facias issued in the suit of W. P. Richardson v. E. D. Green, bearing the number 2,319; that E. D. Green, the plaintiff in this suit, be required to appear in open court and in the presence of respondent or his counsel on a day and hour to be fixed by your honorable court, and to then and there answer the interrogatories on facts and articles touching his ownership bona fide of the said property claimed to be exempt as a homestead, and prayed for all necessary orders and for general relief.

The district court rendered judgment in favor of the plaintiff and against the defendant, Richardson, decreeing that plaintiff was entitled to a homestead on the property described in plaintiff's petition, and decreeing it to be exempt from seizure and sale under any legal process whatever, and especially under the writ of fieri facias issued in the suit of W. P. Richardson v. E. D. Green. It perpetuated the injunction which had issued, and ordered that plaintiff pay all costs. Richardson has appealed. Defendant has made no appearance in this court, nor filed any brief. The answers of plaintiff to the interrogatories on facts and articles propounded to him by the defendant and to be answered in open court negative the claim made by the defendant that plaintiff owns only an un-

divided interest in the property claimed as a homestead. Plaintiff owns it in entirety.

### Opinion.

The evidence shows that he has his home on the property, and occupies a building upon it as his residence. The property is in the country and used for farming purposes. It is true that plaintiff has leased small portions of it (not located) to other parties for farming, but that fact is not irreconcilable with its being as a whole the homestead of the owner living upon it and also using it. We think this case falls under the doctrine announced in Wilkins v. Fremaux, 112 La. 921, 36 South. 805, and the authorities therein cited.

In 15 American & English Encyclopædia of Law (2d Ed.) p. 583, it is stated as a rule that:

"Where the Constitution or statute exempts a certain quantity of land owned and occupied by the debtor, the whole is exempt if occupied as a residence of the debtor and his family, without regard to the use to which he may put the land or the business he may pursue therein; [that] if premises are in fact used by the owner as a residence for himself and his family the right to claim them as a homestead is not necessarily defeated by the fact that they are not all required for such purpose, and that they are partly used for other purposes."

In the case above referred to (112 La. 921, 36 South. 805) this court said:

"The homestead is granted not only for residence purposes, but for all purposes of general utility. The object of the exemption is to secure the debtor, not only a house to live in, but the means of making a livelihood."

We find no error in the judgment appealed from, and it is hereby affirmed.