Gulf & Chicago Railway Company v. Ferguson-McKinney Dry Goods Company.

[52 South. 797.]

1. Carriers. *Railroads. Freight. Loss by fire. Negligence. Burden of proof.*

In a suit against a railroad company for loss of goods by fire in its depot, the burden of proof is on the plaintiff to show that defendant was guilty of negligence.

2. Same. *Same. Termination of liability. Reasonable time for removal of goods by consignee.*

The reasonable time after notice that must be allowed by a railroad company for a consignee to remove his goods from its depot applies to every one alike, regardless of the consignee's distance from the depot.

3. Same. *Same. Same. Liability as insurer.*

The liability of a carrier as the insurer of goods continues after their arrival at their destination, until notice to the consignee and until he has had a reasonable time in which to remove them.

4. Same. *Same. Same. Terms of contract.*

The liability of a carrier as insurer of goods after their arrival at their destination, until notice to the consignee and until he has had a reasonable time in which to remove them, may reasonably be said to be within the terms of the contract of carriage.

5. Same. *Same. Question for jury.*

What is a reasonable time for the consignee to remove his goods from a carrier's depot is a question for the jury, with reference to one residing in the vicinity of such depot.

From the circuit court of Pontotoc county.

Hon. John H. Mitchell, Judge.

The dry goods company, appellee, was plaintiff in the court below; the railway company, appellant, was defendant there.

From a judgment in plaintiff's favor defendant appealed to the supreme court.

The appellee sold goods to Phillips & Murff, merchants, at Reids, Miss., twenty miles from Pontotoc, and delivered the goods to the carrier for transportation, and they were transported to Pontotoc, Miss., a station on appellant's railway, where Phillips & Murff received their freight. They arrived at Pontotoc about February 12th, and on the night of February 14th the depot and warehouse were burned, and the goods in question totally destroyed. There is no evidence as to the origin of the fire, and no proof of any negligence on the part of the railway company. There is a conflict in the testimony as to whether or not Phillips & Murff were notified of the arrival of the freight; the railway agent testified that notice had been sent to the consignees, but they testified that they never received it.

*Flowers, Fletcher & Whitfield,* for appellant.

Counsel cited the following authorities: *Columbus & W. Ry. Co. v. Ludden,* 89 Ala. 612, 7 South. 471; Hutchinson's Carriers, § 377; *Railroad Co. v. Wood,* 66 Ala. 172, 41 Am. Rep. 749; *Railroad Co. v. Oden,* 80 Ala. 41; *Moses v. Railroad Co.,* 32 N. H. 523, 64 Am. Dec. 381.

*Mitchell & Robinson,* for appellee.

[The reporter has been unable to find the brief of counsel for appellee; it was lost or withdrawn from the record when the case was reached for reporting, hence no synopsis is given.]

Argued orally by *R. V. Fletcher,* for appellant, and by Frank *Robinson,* for appellee.

MAYES, C. J., delivered the opinion of the court.

Out of the many contentions made by appellant, we find only two that we deem necessary to notice. There is proof in this

record only that appellee's goods were destroyed by being burned while in appellant's depot.    There is not the slightest proof that this fire was the result of any negligence on the part of the agents of appellant.    Notwithstanding this, the court instructed the jury "that, if they should believe from the evidence that the loss of the goods occurred because of the negligence of defendant, then they will find for plaintiff, even though they may think the liability of the railroad company had ceased as a common carrier."    This instruction sought to hold the appellants liable as warehousemen, in the face of the fact that they had fully accounted for the failure to turn over the goods, within the rule laid down in the case of *Yazoo, etc., R. Co. v. Hughes,* 94 Miss. 242, 47 South. 682.    In the above case it was held that "in an action against a warehouseman for the value of the goods destroyed in a fire which burned the warehouse, the burden is on the bailor, in the absence of proof as to the circumstances of the fire, to show that it resulted from the bailee's negligence." The court also said: "We intimate nothing as to the quantity of proof as to negligence which will suffice to warrant the submission of this case to the jury, or.which will call for an explanation by defendant."    The facts of this case now on trial bring it within the rule announced above.

The court further erred in giving the fourth instruction asked for by appellee.    This instruction told the jury that appellee should have a reasonable time to remove the goods from the depot, and in determining what was a reasonable time the jury might "take into consideration the distance Phillips & Murff would have to come after the goods."    The liability of a railroad company as common carrier is widely different from its liability as a warehouseman after the goods have reached their destination. The liability in each case is the same as to all persons, no matter how near or remote the consignee may be to the place of delivery. If a party have his place of business distant from the depot of

the railroad, he cannot, by reason of this fact, force upon the railroad a greater liability in the handling of his goods than would be incurred by the railroad in handling goods for one in close proximity. The liability of the carrier as insurer of the goods continues after arrival of the goods at their destination until notice to the consignee and until the consignee has had a reasonable time in which to remove his goods. All these things may reasonably be said to be within the terms of the contract of carriage. But the rule is not varied in any way by any question as to how far, or how near, the consignee may reside from the place to which he had his goods consigned. What is a reasonable time for the consignee to remove the goods. is necessarily a question of fact, and must be largely left to the jury; but it is to be determined with reference to what would be a reasonable time as applied to one residing in the vicinity of the place of delivery. For authorities we refer to appellant's brief, and to the notes under 5 Ency. Law (2d ed.) p. 263, par. (c).

*Reversed and remanded.*