## ERWIN L. BACON AND ANOTHER v. JOE MIRAU.[1]

### February 18, 1921.

### No. 22,162.

**Lease of homestead.**

1. A husband, owning homestead property, may lease a portion of it for a period of six months, if by so doing he does not interfere with the use of the property as a homestead.

**Eviction of tenant—damages not excessive.**

2. The damages awarded in this case for eviction of a tenant are not so excessive as to require a new trial.

Action in the district court for Crow Wing county to recover $490 for eviction and office rent. The case was tried before McClenahan, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $290. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Murphy & Cook,* for appellant.

*C. L. Benedict,* for respondent.

HALLAM, J.

1. Defendant, a married man, owned a lot in the village of Crosby. On the rear end of the lot was a dwelling which was occupied by defendant and his family as the family home. On the front end of the lot was a garage facing the street. The whole lot and the buildings thereon constituted the homestead of defendant and his family.

On July 8, 1919, defendant executed to plaintiffs a lease in writing, leasing the garage building for the term of six months for use as a garage and repair shop. Twenty-four days before the term expired, defendant evicted plaintiffs from the garage. Plaintiffs sued for damages and recovered a verdict. Defendant appeals.

[1]Reported in 181 N. W. 579.

The lease was not signed by defendant's wife. Defendant contends that it was, for that reason, void. This contention is predicated on section 6961, G. S. 1913, which provides that "if the owner be married, no mortgage of the homestead except for the purchase money unpaid thereon, nor any sale or other alienation thereof, shall be valid without the signature of both husband and wife." The question presented is simply whether this lease of the garage for the term of six months was an "alienation" of the homestead within the prohibition of that section.

In Oxborough v. St. Martin, 142 Minn. 34, 170 N. W. 707, this court said that the signatures of both husband and wife were essential to the validity of a lease for five years of an 80-acre homestead farm. The lease there considered was different from this in two particulars. It was a lease for five years and the statute makes a lease for a term exceeding three years a "conveyance." G. S. 1913, § 6813. This lease for six months was not a conveyance and might have been verbal. G. S. 1913, § 7003. Another and, we think, a more important difference is that the lease mentioned in the Oxborough case was of the whole homestead property and operated to exclude the family from its occupation, while in this case the lease was of a business appendage, not a part of the residence, and the lease of it in no sense interfered with the family occupation, but added to the family income. This is a vital distinction. The purpose of the homestead law is to secure to the family a house to live in and a means of obtaining a livelihood. Green v. Richardson, 122 La. 361, 47 South. 682, 16 Ann. Cas. 1037. We believe the better and more satisfactory rule is that the husband alone may lease a portion of the homestead property for a period as short as six months, if, by so doing, he does not interfere with the comfortable use of the property as a homestead. Millikin & Co. v. Carmichael, 139 Ala. 226, 35 South. 706, 101 Am. St. 29; Harkness v. Burton, 39 Iowa, 101; Thompson, Homesteads and Exemptions, § 471; 21 Cyc. 535; 13 R. C. L. 636; Dickey v. Waldo, 97 Mich. 255, 56 N. W. 608, 23 L.R.A. 449.

Mailhot v. Turner, 157 Mich. 167, 121 N. W. 804, 133 Am. St. 333, cited by defendant, simply holds that, if the operation of a lease would

interfere with the use of the land as a homestead, the signatures of both husband and wife are necessary.

This rule conserves fully all the rights which the homestead law was intended to protect. The homestead property may be used for various commercial purposes as well as for residence purposes. Rooms or offices may be rented for short periods for profit. Surely such short time letting does not require a formal writing with the signature of both husband and wife.

2. The damages are large, but there is some evidence to sustain the verdict for the amount awarded, and we are not disposed to disturb it.

Order affirmed.