LESTER A. WILSON AND ANOTHER v. FIRST NATIONAL BANK OF MANKATO AND OTHERS.[1]

July 3, 1953.

No. 36,066.

[1]Reported in 60 N. W. (2d) 69.

*Josiah A. Baker*, for appellant.

*E. Raymond Hughes* and *Thomas L. Hughes*, for respondents.

THOMAS GALLAGHER, JUSTICE.

Action by Lester A. Wilson and Fern M. Wilson, husband and wife, against First National Bank of Mankato and the sheriff of Blue Earth county to recover cash rentals in the sum of $242.50 derived from plaintiffs' homestead. This sum is presently in the custody of the sheriff as the result of the levy of execution in an action wherein defendant First National Bank of Mankato is judgment creditor of the Wilsons.

The facts are not in dispute. Prior to August 30, 1951, plaintiff Fern M. Wilson became the owner of the west 48 feet of lot 15, block 12, First Extension to East Mankato, and with her husband occupied the same as a homestead. On August 30, 1951, they caused a notice of claim of homestead rights in the property to be filed in the office of the register of deeds of Blue Earth county. On September 14, 1951, they leased the property for an eight months' term at a specified cash monthly rental and moved from the premises. On October 5, 1951, the sheriff of Blue Earth county served notice of levy of execution upon the lessees of the premises based upon the judgment described. By virtue thereof the lessees turned over to the sheriff all rentals due under the lease.

Plaintiffs then instituted this action to reclaim the funds thus held on the ground that, as income from homestead property, they were exempt from sale under process. Defendants answered denying that the funds were exempt, and later defendant First National Bank moved to dismiss the action on the ground that § 510.01, which exempted homestead property from sale under process, made no reference to rentals derived therefrom. This motion was denied and the question presented certified as important and doubtful. This is an appeal from the order denying this defendant's motion.

■ This court has never determined whether rentals derived from homestead property unoccupied by its owner are exempt by virtue of § 510.01. On several occasions, however, we have held that the owner of homestead property, while occupying portions of it, may rent other portions thereof, with rentals derived from this source exempt from process under the act. Bacon v. Mirau, 148 Minn. 268, 181 N. W. 579; Stauning v. Crookston Merc. Co. 134 Minn. 478, 159 N. W. 788; Jacoby v. Parkland Distilling Co. 41 Minn. 227, 43 N. W. 52; Umland v. Holcombe, 26 Minn. 286, 3 N. W. 341; 3 Dunnell, Dig. & Supp. § 4207.

■ It is the contention of defendant First National Bank on appeal that the cases cited are not applicable where, as here, the owners of the homestead had completely removed themselves therefrom prior to the accrual of the rentals involved. We do not agree with this contention. Under § 510.07 actual occupancy does not appear to be the test in determining the question of exemption. This section makes provision for continuance of homestead rights for a period of six months after occupancy. It authorizes filing notice or claim of homestead with the register of deeds within six months after termination of occupancy and continuance of exemption rights for five years thereafter. These enactments clearly manifest the legislative intent that actual occupancy of a homestead may be temporarily suspended without loss of exemption rights. It would follow that the principle governing Bacon v. Mirau, *supra,* and other cases cited above is applicable in the present situation. See, also, Morgan & Hunter v. Rountree, 88 Iowa 249, 55 N. W. 65; W. E. Thomas Lbr. Co. v. McClain (Tex. Civ. App.) 294 S. W. 250; Wing v. Hayden, 73 Ky. 276.

■ Defendants urge that, since § 550.37 specifically defines the classes of personal property exempt from process and makes no reference therein to income derived from homestead rentals, thereby a legislative intent is manifested not to include the latter as exempt. We have not placed this construction on the exemption statute. On the contrary, as above indicated, our decisions appear to hold to the contrary. Umland v. Holcombe, 26 Minn. 286, 3

N. W. 341. See, also, Bacon v. Mirau, 148 Minn. 268, 181 N. W. 579; Stauning v. Crookston Merc. Co. 134 Minn. 478, 159 N. W. 788; Jacoby v. Parkland Distilling Co. 41 Minn. 227, 43 N. W. 52. It is clear therefrom that we have not construed § 550.37 as excluding from exemption rentals such as those here involved because no reference thereto is made in this section.

Affirmed.