CHIEF JUSTICE PETERS
delivered the opinion op the court.
On the 12th of May, 1870, John S. Cookendorfer and his wife, Sarah A. Cookendorfer, executed their joint and several note to. Robert Howe for five hundred and ninety dollars, payable two years after date, with interest at the rate of six per cent per annum, payable semi-annually; and on the same day said obligors joined in the execution of a mortgage to said Howe, to secure its payment, on a house and lot in the town *630 of Falmouth, in which they then lived, said lot being known as No. 159 on the plan of said town.
On the 28th of October, 1871, Mrs. Cookendorfer joined her husband in the execution of a mortgage on the same house and lot to John W. Robbins and Hannah Turner, to secure to them a debt of twelve hundred dollars, evidenced by note bearing the same date of said mortgage, and due twelve months thereafter. The fee-simple estate in the house and lot was in Mrs. Cookendorfer, and in both deeds of mortgage there is a warranty of title.
On the 16th of February, 1872, Knight, claiming to be the assignee of the debt from Howe, brought his suit in equity against Cookendorfer and wife to foreclose the mortgage to Howe, and to recover judgment for a sale of the mortgaged property; and, besides the mortgagors, he made Robbins and Hannah Turner, the subsequent mortgagees, defendants.
On the 21st of December, 1872, A. Robbins and J. M. Curry, claiming to be the assignees of John W. Robbins and Hannah Turner, brought a suit in equity to foreclose the mortgage to J. W. Robbins and H. Turner, and to their suit they made Howe and Knight defendants.
In the first-named case a judgment was rendered on the 27th day of March, 1874, in which, after crediting Cookendorfer with $3.73, which is admitted to be correct, the court adjudged that under the statute providing an exemption of a homestead no mortgage, release, or waiver of the exemption shall be valid unless it is expressly named in the mortgage by the wife, notwithstanding the mortgage of the estate generally; and in this case, as there was no express reference to the homestead in the mortgage, it did not pass, and therefore adjudged to the mortgagors a homestead right in the property; and from that judgment Curry and A. Robbins have appealed.
The only material question arising on the record is whether the court erred in adjudging to the mortgagors a homestead *631 right in the property. In Thorn against Darlington (6 Bush, 448) the appellee mortgaged a house and lot in Hardinsville, Shelby County, in which he and his wife and children resided. His wife was no party to the mortgage. In that suit to foreclose the mortgage, the house and lot not being worth one thousand dollars, the mortgagor claimed for the benefit of his family an exemption of the property under the homestead statute of February 10, 1866. The circuit court rendered a judgment in personam against him for the debt, but dismissed the petition for a foreclosure and sale. That judgment was affirmed by this court upon the ground that the wife had not united with the husband in making the mortgage. This is a different case. The wife here had the fee, and joined with her husband in conveying the whole estate, and warranted the title. And in the case of Wing, &c. v. Hayden, &c. (10 Bush, 276) this court held that the homestead right may be waived, by a conveyance by husband and wife purporting to convey the whole estate without limitation, either in the deed itself or in the certificate of the feme’s acknowledgment; but if it appears either in the deed or in the certificate of acknowledgment that she only relinquished her dower, it would not be a waiver of the homestead right. In this case the deeds purport to convey the whole estate without limitation in the instruments or the certificates of acknowledgment, and consequently there was a waiver of the homestead right, and the judgment must therefore be reversed as to Cookendorfer and wife, and the cause is remanded.
Upon the subject of the refusal of the court below to require Knight to make A. Robbins and Curry defendants to his suit on their petition, it is sufficient to say they never applied to be made defendants until after final judgment; they were lis pendens purchasers, and the attorney who prosecuted their suit to foreclose the mortgage to their assignors filed the answer of their assignors in this suit, and no sufficient reason *632 is shown for the failure by them to apply to be made defendants at an earlier day; nor does it appear that their rights have been prejudiced by the refusal of the court to require them to be. made defendants.
But for the error in adjudging to Cookendorfer and wife a homestead right in the mortgaged estate alone the judgment is reversed, and the cause remanded with directions to dismiss their claim and for further proceedings consistent herewith; and appellants will recover the costs of the appeal against Cookendorfer and wife of them, and must pay their own costs so far as they sought a reversal against Knight and Howe.