### SANDFORD CUTSINGER v. JOHN L. NORRIS.

**Mortgage—Conveying Absolute Title—Wife's Dower and Homestead Interest Waived.**

Where a husband and wife unite in a mortgage by which they convey the absolute title, conditioned that the title will revert upon the payment of the debt the mortgage secures, such a conveyance deprives the wife of all interest, both dower and homestead.

APPEAL FROM NELSON CIRCUIT COURT.

September 27, 1877.

OPINION BY JUDGE PRYOR:

The husband and wife united in the mortgage by which they convey the absolute title to the land in question, conditioned that the title will revert upon the payment of the debt the mortgage was executed to secure. Such a conveyance deprives the wife of all interest, both dower and homestead. The cases of *Wing v. Hayden,* 10 Bush 276, and *Robbins v. Cookendorfer,* 10 Bush 629, rejected, dispose of this question. As to the claim set up for an additional credit, the appellant, when called to testify, is unable to satisfy the chancellor that any payments have been made that are not credited. He is unable to tell whether the credit of $281 is made up of the store account or was for money paid. He cannot tell when or how he got the credit. His recollection is at fault in regard to the entire credit on the note, so much so that no judgment should be rendered upon such a statement. The judgment below is *affirmed.* We have not considered the question made on the motion to dismiss.

E. E. MaKay, for appellant.    Muir & Wickliffe, for appellee.