CHIEF JUSTICE LINDSAY
delivered the opinion oe the court.
In tbe mortgage from McGrath to Berry Mrs. McGrath did not join as a grantor. She is mentioned as a party of the first part, and she signed and acknowledged the instrument; but she did not join in the grant, nor in any manner express in terms her intention either to relinquish dower or to join her husband in waiving his right to the homestead exemption.
She was not an active participant in the act creating the mortgage-lien, and is apparently but a nominal party to the mortgage.
*395 But appellee contends that the act under which the homestead exemption must be claimed does not make it necessary for the wife to do more than evidence in the prescribed mode her consent to the waiver, by the husband, of the statutory exemption. That she has no estate or interest to convey or relinquish, and therefore it is only necessary to secure her consent to the waiver of the husband, in order to defeat his claim to the exemption.
Sec. 9, art. 13, chap. 38 of the General Statutes recognizes the right .of the owner of a homestead to encumber it by a mortgage; but sec. 13 provides that no mortgage, release, or waiver of such exemption shall be valid, unless the same be in writing, subscribed by the defendant and his wife, and acknowledged and recorded in the same manner as conveyances of real estate.
A strict adherence to the very letter of this section may. support the conclusion that it is only necessary, in order to pass or waive the homestead exemption, that the wife shall subscribe and acknowledge the deed, that she need not be a party to it, and that her intention need not be expressed in the writing itself. There would be much plausibility in this theory if the writing showed on its face that the husband intended- to mortgage, waive, or release the exemption, as well as to encumber the title to the land. The intention of the wife might then be implied, from the fact that she signed and acknowledged the paper. But when, as in this case, the mortgage makes no mention of the exemption, and the wife does not join in the grant, nor state in the writing what her purpose is, it seems to us it would be a dangerous exercise of the power of construction for the courts to infer that she intended to put it in the power of the creditor to subject the husband’s homestead to the payment of the mortgage-debt. The most reasonable construction of the language of the legislature seems to be that it is necessary for the wife to subscribe a *396 mortgage which, either in express terms or by legal implication, conveys an absolutely unencumbered fee-simple estate, in order to defeat the claim of the husband to the homestead.
The homestead act was not intended to interfere with or limit the respective rights of vendors and vendees of real estate, and therefore the principles herein announced have no application to voluntary sales, either executed or executory. It was intended to prevent the coercive sale of the homestead by a creditor under execution, attachment, or judgment of a court, and the exceptions to the general want of power in the creditor to sell it, in satisfaction of his debt, should not be extended by a liberal construction, so as to defeat the benevolent and humane purposes of the statute.
These conclusions are in harmony with the previous decisions of this court on the subject under consideration, and the construction given seems to be necessary in order to prevent the power of negation conferred on the wife by the statute from being rendered utterly nugatory by skillfully drawn mortgages, the full effect of which may not be understood either by her or the officer who takes her acknowledgment.
We are therefore of opinion that the mortgage to Berry was no more effectual to pass the homestead exemption than if Mrs. McGrath had neither signed or acknowledged it.
Mrs. McGrath was a party to the action of Berry to enforce his mortgage; but the judgment in that case did not determine or purport to determine, that the homestead exemption was subject to sale.
The decree was that the defendant’s equity of redemption in the lands mentioned in the mortgage be sold, etc. The sale of the equity of redemption passed no greater estate to the purchaser than would have passed if Mrs. McGrath had not signed the mortgage nor been a party to Berry’s suit for the enforcement of his lien.
Upon the pleadings and exhibits the chancellor ought to *397 have directed his commissioner to set apart the homestead to McGrath before making sale of the property; but his failure to do so was not a judicial determination that the right to the homestead did not exist.
This case comes clearly within the rule announced in Wing v. Hayden (10 Bush, 276), and differs altogether from the late case of Harpending’s ex’rs v. Wylie (13 Bush, 158).
The demurrer to appellants’ petition should have been overruled.
Judgment reversed, and cause remanded for further proceedings consistent with this opinion.