McILVAINE & SPEIGEL *v.* L. P. STONE, ET AL.

**Homestead—Waiver of by Wife.**
> A homestead exemption is not waived by the wife merely joining with her husband in a mortgage of his property to relinquish her right of dower.

**Residence of Homestead Claimant.**
> Mere absence for business purposes temporarily from home, where the homesteader leaves his furniture in the house and leaves a person in charge, is not a change of residence that deprives one of a homestead exemption.

APPEAL FROM CAMPBELL CHANCERY COURT.

May 21, 1878.

OPINION BY JUDGE ELLIOTT:

On the 1st day of December, 1874, the appellee, L. P. Stone, exe-cuted to the appellants his two promissory notes for $500 each, due respectively at six and nine months. To secure the amount of these notes the appellee, L. P. Stone, executed a mortgage deed on a house and lot, on which he then resided, to appellants.

The appellee, L. P. Stone, is the only vendor in the body of the deed, his wife not being a contracting party or joint vendor; but at the close of the deed it is stated that "The said L. P. Stone and his wife, Emma F. Stone, who does hereby release all of her rights or expectancy of dower in said premises, have hereunto set their hands," etc.

At the time of the execution of this mortgage the premises were under mortgage to secure a debt to the Syndicate Building Associa-tion. To the suits brought by the appellants, who made the other mortgagee a party, the defendants answered that they occupied the mortgaged premises as a homestead, and asked to be adjudged a homestead in the premises, and on final hearing it was adjudged that as the property was indivisible it be all sold, but that after the payment of the first mortgage, if any balance should remain, a thou-sand dollars thereof should be paid to the appellees and the balance, if any, to the appellants, and from this judgment they have appealed.

This court has heretofore several times decided that a homestead exemption is not waived by the wife merely joining with her hus-band in a mortgage of his property to relinquish her right of dower. *Wing v. Hayden,* 10 Bush 276; *Robbins v. Cookendorfer,* 10 Bush 629; *Herbert v. Kenton Building & Saving Association of Coving-ton,* 11 Bush 296. These decisions being directly to the point, seem conclusive of this question.

It is insisted, however, that at the time of the judgment of sale the property in dispute was not occupied as a homestead. The proof on this subject is that the appellees, at the date of the judgment, were absent in Cincinnati, where L. P. Stone was engaged in the manufacture of baking powder essences, etc., but that his mother, as his agent, was engaged to remain in and take care of the property, which she did, and that he left his furniture in his house, and only left on special employment with an avowed purpose to return.

This court, in *Brown v. Martin,* 4 Bush 47, ruled that the right of exemption of homestead under the Act of 1866 depends upon the present and actual intention of the debtor to use and enjoy the prop-erty sought to be exempted as a homestead for himself and family,

and that right does not exist where the residence of the debtor and his family is permanently located elsewhere. But it has repeatedly been decided that a mere absence from the homestead with no intention of its abandonment, but with an intention to return, does not forfeit the homestead exemption. We are therefore of opinion that the temporary absence of appellees in Cincinnati on special employment did not forfeit their homestead privilege.

Wherefore the judgment of the lower court is *affirmed*.

*Jesse Arthur, for appellants. Nelson & Nelson, for appellees.*