O. AMES, ET AL., *v.* FELIX MERCER'S ADM'R.

**Deed or Mortgage—Homestead Waiver.**

A deed or mortgage which purports to convey the whole estate in land, in which the wife unites as a grantor, will, when legally acknowledged by the husband and wife and recorded, be a valid waiver of the homestead exemption in land embraced by such conveyance.

APPEAL FROM MARION CIRCUIT COURT.

December 13, 1878.

OPINION BY JUDGE COFER:

That a deed of mortgage purporting to convey the whole estate in land and in which the wife unites as a grantor will, when legally acknowledged by husband and wife and recorded, be a valid waiver of the homestead exemption in land embraced by such conveyance, must now be regarded as conclusively settled in this state. *Wing v. Hayden,* 10 Bush 276; *Robbins v. Cookendorfer,* 10 Bush 629; *Brame & Wife v. Craig,* 12 Bush 404; *McGrath v. Berry,* 13 Bush 391. The latter case rests upon the ground that Mrs. McGrath did not join in the grant, and therefore it did not purport to convey anything.

An absolute conveyance in words apt to convey the whole estate necessarily evinces an intention to convey all right and interest of the grantors of whatever kind, and is totally inconsistent with the idea that the grantors can assert any interest or privilege in or upon the land in derogation of the rights of the grantee as expressed in the conveyance. The conveyance of the whole carries all the parts. If all is granted nothing remains in the grantors, and it would be an unmeaning and useless formality after conveying the whole to relinquish or waive a mere incident growing out of the title thus conveyed away.

Judgment *affirmed.*

S. A. Russell, *for appellants.*

Russell & Arritt, Rountree & Lisle, *for appellee.*