### JOHN McGRATH & WIFE *v.* N. T. BERRY.

**Homestead.**
> When the homestead is not waived by a mortgage nor barred by a judgment the land to be sold should be ordered sold subject to the homestead, and such a judgment having been rendered, its effect cannot be enlarged by facts occurring in pais before the sale.

**Priority of Homestead.**
> Where a homestead is held only on a portion of the whole of the land ordered sold, the court should direct the sale of the land not covered by the homestead, before resorting to that portion embraced in the homestead.

APPEAL FROM MARION CIRCUIT COURT.

March 20, 1880.

OPINION BY JUDGE COFER:

When this case was formerly in this court we decided that on the facts stated in the petition the appellants were entitled to a homestead in the land, and that decision must be deemed to be conclusive on this appeal, unless the appellee has shown some valid defense not then appearing in the record. *McGrath v. Berry,* 13 Bush 391.

That the appellee mistook the legal effect of the mortgage as

drafted by himself presents no ground for defeating the claim to a homestead, and seems not now to be much insisted upon. That the appellants abandoned the possession and removed to another county without any intention at the time to return cannot affect the decision of the case.

The homestead was not waived by the mortgage nor barred by the judgment which was rendered while the appellants resided on the land. The judgment when rendered did not authorize a sale of the homestead, and its effect could not be enlarged by facts occurring in pais before the sale. It was, in contemplation of law, a judgment to sell subject to the homestead exemption, and the purchaser could not acquire a greater interest than the judgment and the law authorized to be sold. *Wing v. Hayden,* 10 Bush 276.

The record does not show the amount for which the land was sold, nor how much of the debt remains unpaid. To the extent of appellee's bid his debt is satisfied, and cannot be revived because the appellant has successfully asserted a right to a homestead. He must stand in the same position as any other purchaser, and the sale having been confirmed, he cannot, so long as the order of confirmation stands unreversed, go behind it to adjust equities. If the balance now claimed as purchase-money did not lose its character as such, by being paid by the appellee to Phillips, it was a lien on the entire 19-acre tract, and the homestead not having been waived by the mortgage that part of the tract not included in the homestead would have to be exhausted first, before resort could be had to that part embraced in the homestead.

Wherefore so much of the judgment as directs a sale of that part of the 19-acre tract embraced in the homestead to pay the supposed balance of the purchase-money is remanded, with directions to dismiss the cross-petition as to that. In all other respects the judgment is *affirmed* on both appeals.

*Russell & Arritt,* for appellants.
*William Lindsay, A. Duvall,* for appellee.