*F. M. Webster, for appellant.*

---

Henry Hooser v. Samuel R. Smith.

C. Ellman, Treasurer, et al., v. Same.

[Abstract Kentucky Law Reporter, Vol. 1—56, as *Huser v. Smith.*]

Conveyance of Homestead Right.

Where a homestead is not waived by a first mortgage on real estate the mortgagor may by a second mortgage waive such right, and the second mortgagee will thereby become the owner thereof.

APPEALS FROM KENTON CHANCERY COURT.

May 27, 1880.

Opinion by Judge Cofer:

The homestead exemption was not waived by the mortgage to Ellman, and as Britt had a homestead in the property the right to it remained in him unaffected by Ellman's mortgage.

But in the mortgage to Smith the homestead was waived and Smith's right to it was the same as if the mortgage to Ellman had not existed. As Ellman's mortgage did not waive the homestead exemption Britt was at liberty to sell or mortgage it, and the right of his vendee or mortgagee is as complete as was the right of Britt before he made the sale or mortgage, and Smith's right was in no way affected by the fact that he is not residing on the property. He is claiming a homestead in his own right. His claim is that he, as mortgagee, is entitled to the benefit of Britt's homestead.

The administrator of Britt had a right to bring the suit and have the property sold to pay first the mortgage debts, and if anything remained to apply it to the payment of other debts. The heirs of Britt were before the court in the original action, and as that sought a sale of the property to pay debts, and the mortgage debts and others were proved and allowed, the court had power to sell the property without regard to the cross-petitions.

Wherefore the judgment is *affirmed* on both appeals.

*F. M. Webster, for appellants. W. H. Mackay, for appellee.*