## L. H. Ferrill *v.* Walter Cleveland, et al.

[Abstract Kentucky Law Reporter, Vol. 6—513.]

**Construction of Terms of a Deed.**

In construing the terms of a deed the court will effectuate the intention of the parties to it, and a deed will convey a wife's interest where she is named with her husband as party of the first part conveying, and she with her husband duly signs and acknowledges such deed.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 20, 1885.

Opinion by Judge Holt:

The appellant, L. H. Ferrill, claims that the deed from A. M. Hoglan and his wife to Eliza Magruder did not pass the wife's title to the land named in it because the wife's name is not in the granting clause of the deed; and because of this alleged defect in the title he is resisting the payment of the purchase money owing by him to the appellees for the same land.

The portion of it material to the consideration of this question reads thus:

"This Indenture, made and entered into this 12th day of March, 1864, by and between A. M. Hoglan and Rebecca J., his wife, of the first part, and Mrs. Eliza Magruder of the second part all of Louisville, Kentucky, witnesseth: That for and in consideration of the sum of $1,800, payable as follows: $600 cash in hand paid and

the two notes of said second party for $600 each and payable in six and twelve months from date, the receipt whereof is hereby acknowledged and a lien is hereby retained to secure the above named notes, have granted, bargained and sold and do hereby sell and convey unto said second party, her heirs and assigns, the following tract or parcel of land: (boundary here given), and all the estate, right, title, interest and claim of said first parties of, in and to the same.

To Have and to Hold the same with all the appurtenances thereon unto the said second party, her heirs and assigns forever, against the claim of all and every person or persons lawfully claiming or to claim the same with covenants of general warranty."

It was duly signed and properly acknowledged. It will be noticed that the wife is a party to it in the premises; and when considered grammatically it speaks throughout of both the husband and wife.

The construction of deeds is favorable to their validity; and the object of all rules of construction is to effectuate the intention of the parties to the instrument; and in arriving at it the entire instrument is to be considered, whether it be a deed or other writing. In a deed this intention may be gathered from the premises, or the habendum or any other part of it, and is equally controlling, whether found in the one part of it or the other.

The land in this instance belonged to Mrs. Hoglan as her general estate, and tested by the above rule and the language of the deed there can be no doubt but what the grantors to it intended to and did by it convey the absolute fee.

It is unlike the case of *McGrath, et. al. v. Berry,* 13 Bush (Ky.) 391, because the wife, although named as a party of the first part, did not join in the granting clause of the mortgage in question in that case nor did it in any part, either expressly or inferentially, show an intention upon her part to relinquish her interest in the property embraced by it. Its language was, "he, the said McGrath, does hereby, etc.," thus limiting the grant to the husband.

Judgment *affirmed.*

*Sam W. Railey, for appellant.*

*John Stites, for appellees.*