CASE 96—PETITION EQUITY—MAY 9.

# Withers, &c., v. Pugh.

### APPEAL FROM HARRISON CIRCUIT COURT.

1. MORTGAGES—WAIVER OF HOMESTEAD EXEMPTION.—The mere signature of a married woman to a mortgage by her husband is no evidence of a release or waiver by either him or her of the homestead exemption, unless it is affirmatively and substantially stated in the body of the instrument that she is a party to and unites in the conveyance. But in order to bind her by a stipulation in the mortgage waiving the homestead exemption, it is not necessary that her name should appear in the mortgage if she is otherwise certainly identified therein as one of the grantors, as where the husband and wife, instead of mentioning themselves by name in the granting clause of the mortgage, describe themselves as " the undersigned mortgagors."

2. CERTIFICATE OF ACKNOWLEDGMENT.—As the certificate to the mortgage was written by the same deputy clerk who took the acknowledgment, and on the same day the acknowledgment was taken, and the memorandum of acknowledgment was not referred to in, or made the basis of, the certificate, it is immaterial whether the memorandum was or not defective, as it could not invalidate, or in any way affect, the independent facts stated in the certificate, which are, without regard to the memorandum, quite sufficient, and, therefore, not subject to be called in question by extrinsic evidence.

WARD & KIMBROUGH FOR APPELLANTS.

The writing purporting to be a mortgage does not divest appellants of a homestead. It is essential to the validity of a deed or mortgage that the names of the grantors shall be given in the body of the mortgage. (Gen. Stats., chap. 38, art. 13, sec. 13; Bouvier's Law Dictionary, title "Deed;" Kent's Commentaries, vol. 4, 13th ed., pp. 460-462; McGrath v. Berry, 13 Bush, 394; Ham's Adm'r v. Tichener, 3 Mon., 196; Hatcher and Wife v. Anderson, 5 Bush, 561; Hobbs, &c., v. Hedger, 15 B. M., 106.)

FORMAN & CASON FOR APPELLEE.

The mortgage is sufficient to pass the homestead. It is not necessary that the names of the grantors should appear in the body of the mortgage. (Gen. Stats., chap. 38, art. 13, sec. 13; Wing v. Hayden, 10 Bush, 276; Braime and Wife v. Craig, 12 Bush, 404.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The only question made by counsel in this case is whether the writing purporting to be a mortgage divested appellants, husband and wife, of a homestead right in the' land described therein.

So much of the writing as is material we copy: "Whereas, Hawkins Withers, being indebted to Margaret Pugh, * * for which first party has executed his * promissory notes of even date. * Now, for the purpose of securing the payment of said sums, * * the undersigned mortgagors do hereby mortgage the following described property: * * Said property is warranted free from incumbrance and against any claim. To have and to hold said property to said Margaret Pugh, * provided that if * Hawkins Withers * should pay said sum, * * then this mortgage * * shall be null and void, otherwise to remain in full force. And said grantors hereby especially waive and release all right or claim which they have which arises out of, or is given by, the exemption laws of Kentucky, in and to the property hereby conveyed, and these covenants and conveyances are especially made part of this mortgage."

The writing was signed by Hawkins Withers and Martha Withers, and, as appears from the clerk's certificate, was acknowledged before him "by Hawkins Withers and Martha Withers, his wife, parties grantors thereto, to be their act and deed."

The grounds upon which it is argued the mortgage is not effectual for the purpose in question are that the name of Martha Withers does not appear in the body of it, and that as the indorsement made by the

deputy clerk did not in terms state Martha is, or acknowledged the mortgage as, the wife of Hawkins Withers, the principal clerk was not authorized to so state in his certificate.

According to section 13, article 13, chapter 38, General Statutes, a mortgage release or waiver of a homestead exemption is valid if the same be in writing subscribed by the defendant and wife, and acknowledged and recorded in the same manner as conveyances of real estate. But a mortgage release or waiver of a homestead exemption, as well as grant of an estate in real property, signifies an act or deed done by the party to be affected thereby. Consequently, the mere signature of a married woman to a mortgage by her husband is no evidence of a release or waiver by either him or her of the homestead exemption, unless it is affirmatively and substantially stated in the body of the instrument that she is a party to and unites in the conveyance. The name of Mrs. Withers does not appear in the mortgage under consideration, but she describes herself as one of the "undersigned mortgagors," and as such conveyed all the interest she had, and is thereby as certainly identified, and we think as fully bound by the stipulations contained in the deed, as if she had been formally mentioned by name in the caption. And, such being the case, there is no question of the homestead exemption having been mortgaged and released; for the deed contains a clause whereby it is specially referred to, and in terms waived and released.

The case of McGrath v. Berry, 13 Bush, 391, cited by counsel, does not support his position. There the

wife was mentioned by name as a party of the first part, and signed her name to and acknowledged the instrument.  But she did not, like Mrs. Withers, join in the grant, nor in any manner express in terms her intention either to relinquish dower or to join her husband in waiving his right to the homestead exemption; and on that account alone it was held the exemption right was not released or waived.  In this case, on the contrary, the wife did not only describe herself as one of the mortgagors, but "joined in the grant," and in terms released and waived, together with her husband, the homestead exemption.

It seems to us the other objection to the judgment is also unavailable; for the clerk of the court could not have properly certified to more than he did do; nor would Martha Withers have been more certainly identified as the wife of Hawkins Withers, and one of the mortgagors, if she had been formally designated by name in the body of the mortgage.

As the memorandum on the mortgage referred to by counsel appears to have been made by the same deputy clerk, and on the same day he wrote the certificate, but was not at all referred to or made the basis of the certificate, we do not see how it, whether defective or not, can invalidate, or in any way affect, the independent facts stated in the certificate, which are, without regard to the memorandum, quite sufficient, and, therefore, not subject to be impeached or called in question by extrinsic evidence.  (Harpending v. Wylie, 14 Bush. 380.)

Judgment affirmed.