CASE 49—PETITION EQUITY—MARCH 22.

# Hays' Administrator, Etc. v. Froman, Etc.

APPEAL FROM HARDIN CIRCUIT COURT.

1. HOMESTEAD—CONVEYANCE OF.—It is not necessary in a mortgage, in order to relinquish or waive homestead exemptions, that language should be used expressly stating that such exemption is relinquished; if the instrument purports to convey the entire estate, it operates as a waiver of the homestead exemption.

W. C. HAYS FOR APPELLANT.

1. The absence of either, or both, of the names of the grantors in the body of the mortgage does not affect its validity; the pronoun "I" in a note or mortgage signed by several will apply to and bind each one of them. Withers v. Pugh, 91 Ky., 522; Randolph on Commercial Paper, vol. 1, page 104, sec. 87; Harrow v. Dugan, 6 Dana, 341; Hemmeway v. Stone, 7 Mass., 57.

2. The absence in express terms of the wife's waiver of homestead exemption does not affect the validity of a mortgage as to the

Hays' Admr., etc. v. Froman, etc.

same if the instrument purports to convey all of her interest therein.  Withers v. Pugh, 91 Ky., 522.

J. P. HOBSON FOR APPELLEE.

1. It has been held by this court that where a wife signs a deed in which her husband was the only grantor that it was his deed alone and not hers and did not convey her dower rights.  Hedger v. Ward, 15 B. M., 116; Hatcher v. Andrews, 5 Bush, 564; Prather v. McDowell, 8 Bush, 61; the homestead is a favored right and a much clearer case should be required to waive a homestead than to release a dower right; McGraff v. Berry, 13 Bush, 391; Waples on Homestead, page 419; Thompson on Homestead, sections 526 and 531; Poole v. Gerrard, 65 Am. Dec., 488; Payne v. Barker, 10 Maine, 176, (25 Am. Dec., 221); Bruce v. Wood, 1 Met., 542, (35 Am. Dec., 380).

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

On February 5, 1891, the appellee, Jeremiah Froman, executed his note to B. E. Froman, plaintiff's intestate, for $1,400, with interest.  The appellee, Matilda E. Froman, is the wife of the appellee, Jeremiah Froman.  To secure the payment of the note the appellees, Jeremiah and Matilda E. Froman, executed a mortgage to B. E. Froman. It is as follows, to-wit:

"I hereby mortgage to B. E. Froman a tract of land lying on the Rolling Fork and Salt rivers, in Hardin county, Kentucky, and bounded as follows:  Beginning at and running J. G. Brashear's line; thence with same to B. E. Froman's line; thence with same to J. A. Froman's line; thence with same to Rolling Fork river; thence with same and Salt river to the beginning, containing 106 acres, being the land on which I now reside, to secure him in the payment of one note for the sum of $1,400, payable

five years after date, with 6 per cent. interest from date, to be paid annually.

"Given under my hand this 5th February, 1891.

"JEREMIAH FROMAN.

"MATILDA E. FROMAN."

The mortgage purports to have been signed when the note was executed, but was acknowledged some time after the execution of the note. At the time of the execution of the mortgage, Jeremiah Froman lived with his family upon the land described in the mortgage, and was a *bona fide* housekeeper. His wife lived with him at that time upon the land.

The sole question in this case is whether the mortgage embraces the homestead exemption in the land. It is not necessary in a mortgage in order to relinquish or waive homestead exemption, that language should be used expressly stating that such exemption is relinquished or waived. If the instrument purports to convey the entire estate and the wife is a party grantor to it, then it operates as a waiver of the homestead exemption in the land, which it purports to convey.

It was said in McGrath, &c., v. Berry, 13 Bush, 395: "The most reasonable construction of the language of the Legislature seems to be that it is necessary for the wife to subscribe a mortgage which, either in express terms or by legal implication, conveys an absolutely unencumbered fee simple estate, in order to defeat the claim of the husband to the homestead."

The instrument under consideration is as much that of the wife as it is of the husband. She says as also does

Hays' Admr., etc. v. Froman, etc.

the husband, "I hereby mortgage to B. E. Froman a tract of land," etc.   In the closing part of the instrument she says, "Given under my hand this 5th of February, 1891." The wife is as much a grantor in the instrument as is the husband.   The language of the mortgage is of that import.   If it was a grant from the husband alone, it would not have recited to secure the payment of "one note" but would have said "my note." It described the land as "the land on which I now reside."   She resided upon the land just the same as did her husband.

It has been frequently adjudged that, notwithstanding the use of the singular pronoun "I" in the body of the note, more than one will be bound by the promise if more than one executed the note.   (Harrow v. Dugan, 6 Dana, 341.)

In Hemmeway v. Stone, 7 Mass., 57, it was held that a note thus drawn and signed was the several and joint obligation of all those who signed it.

We are of the opinion that the language in the mortgage conveys the entire interest in the land which embraces the homestead exemption; hence the homestead exemption is waived thereby.

The judgment is reversed for proceedings consistent with this opinion.