## Rhinehart, et al. v. Stacy, et al.

(Decided March 23, 1926.)

### Appeal from Perry Circuit Court.

1. Limitation of Actions—Mortgage Lien by One Signing Note as Surety Since it Secures the Principal Debtor, is Not Barred by Seven-Year Statute.—Mortgage lien given by one signing note as surety not being given to secure obligation of surety but that of principal debtor, is not barred by seven-year statute.

2. Mortgages—Sale of Entire Tract of Mortgaged Lands Leaving Surplus Over Debt Secured Will be Set Aside, where Judgment Limited Sale to so Much of Land as was Necessary to Satisfy Debt (Civil Code of Practice, Section 694).—Where judgment expressly limited authority of commissioner to sell only enough of mortgaged land to satisfy debt and there was nothing to show that land could not be divided without materially impairing its value, sale of entire tract, leaving a surplus over debt, will be set aside in view of Civil Code of Practice, section 694.

3. Mortgages—Proceeds of Land Sold to Satisfy Mortgage Liens Cannot be Used to Pay off Mortgage of Owner of Interest in Land who was Not Made a Party to the Action.—Judgment, directing that mortgage of owner of an interest in land be paid out of proceeds of land sold to satisfy other mortgage liens, was erroneous, where neither such owner nor his mortgagee were parties to the action, so that such owner thereby retained his interest unincumbered without having paid his debt.

BOLEYN & BALLOU, R. T. MOORE and T. E. MOORE, JR., for appellants.

W. W. REEVES for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Reversing.

Appellee, Louis Smith, became the purchaser of the tract of land sold herein under a mortgage lien. Appellants, A. A. and Barbara Rhinehart, were the mortgagors, and they and appellant, A. H. Rhinehart, were the makers of the note. They excepted to the report of sale, but the chancellor overruled their exceptions and confirmed it. Hence the appeal.

Appellants, A. A. and Barbara Rhinehart, the mortgagors, answered separately and pleaded that they were merely sureties in the note sued on; that more than seven years had elapsed after the note became due before the action was instituted; that the note was therefore barred

by the seven years statute of limitation; and that consequently the mortgage was *functus officio*. The chancellor sustained a demurrer to that plea, which appellants insist was error.

At the time the action was instituted A. A. and Barbara Rhinehart were nonresidents and they were proceeded against as such. The petition did not seek as against them personal judgment but merely an enforcement of the mortgage lien they had given. It has heretofore been held by this court that a mortgage lien given by one who signs a note as surety is not given to secure the obligation of the surety but that of the principal debtor, and is not barred until the lapse of fifteen years. The question was fully considered in Craddock v. Lee, etc., 22 K. L. R. 1651, 61 S. W. 22, and the reasoning need not be repeated. See also Hobson v. Hobson's Exor., 71 Ky. 665. Therefore, the chancellor properly sustained the demurrer to the answer pleading the seven years statute as to the action to enforce the mortgage lien.

The report of sale discloses that the commissioner sold the entire tract of land mentioned and described in the petition and it brought several hundred dollars in excess of the amount of the debt, interest and cost. The judgment directed him to sell only enough of the land described in the petition to satisfy Stacy's debt, interest and cost. It conferred upon him no power or authority to sell any more. The tract of land sold contained 105 acres. While section 694 of the Code of Practice has been given a very liberal construction by this court, there must be something in the pleadings or proof upon which to base a judgment directing the sale of the entire tract upon the theory that it cannot be divided without materially impairing its value. The record herein does not contain support for it if the judgment had directed the sale of the entire tract. The judgment, however, expressly limited the authority of the commissioner to a sale of only enough of the land to satisfy Stacy's debt, interest and cost. For this reason the chancellor erred in overruling appellants' exceptions to the report of sale, but should have sustained them and have set the sale aside and required a resale of the property.

After the sale of the tract of land sold herein the purchaser, Louis Smith, filed his affidavit setting forth that there was of record in the office of the clerk of the Perry circuit court a mortgage from one Wayne Smith, the owner of an interest in the land which he had pur-

chased, to the Perry County State Bank to secure an indebtedness of $350.00; that affiant had no actual knowledge of the existence of the mortgage at the time he purchased the tract of land; that the sale to him purported to be the sale of the entire tract of land; that to receive what he had purchased he was entitled to have the mortgage debt settled out of the proceeds of the tract of land bought by him; and on the strength of that affidavit he moved the court for a judgment directing the commissioner, out of the proceeds of the land he had purchased, to pay off and satisfy that debt and its interest. The court sustained that motion and entered a judgment directing that debt to be paid out of the proceeds of the land purchased by appellee Smith. The erroneousness of that judgment is readily apparent. If Smith owned an interest in the tract of land which had been sold and he had mortgaged that interest to the bank to secure the payment of a $350.00 debt owing by him to it, Smith's interest in the land and not that of A. A. and Barbara Rhinehart should be made to pay that debt. Under the judgment of the court money due A. A. and Barbara Rhinehart has been used to pay the debt of Wayne Smith, and the lien on Wayne Smith's interest in the tract of land sold has been satisfied. If the judgment herein should be permitted to stand Wayne Smith, who was not a party to this action and who for that reason was not divested of any interest he may have owned in the tract of land sold herein, now owns such interest unencumbered without having paid the debt to secure which he encumbered it. Wayne Smith and the bank were not made parties. In the present state of the record it can not be ascertained as between appellants, A. A. and Barbara Rhinehart, and the purchaser, appellee, Louis Smith, and Wayne Smith, and the bank, who are not parties, what their rights are because of any interest Wayne Smith may own in the tract of land ordered sold herein, and because of the mortgage he executed to the bank; and if those questions are to be settled herein Wayne Smith and the bank must be made parties hereto and the rights of all the parties must be asserted by appropriate pleadings.

For the foregoing reasons, the judgment herein is reversed with direction that the sale made herein be set aside and the deed thereunder made to appellee, Louis Smith, be cancelled, and for other and further proceedings consistent with this opinion.