## Arnett et ux. v. Salyersville National Bank.

(Decided November 17, 1931.)

FRED HOWES for appellants.

H. H. RAMEY for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The Salyersville National Bank instituted an action in equity against Kelse Arnett, Myra Arnett, Challie Conley, W. S. Adams, and John Reed to recover a judgment upon a note for $2,250, and to enforce a mortgage lien on certain real property in Magoffin county. It was alleged that the defendants had executed to the plaintiff a promissory note by which they promised and agreed to pay it, eight months after date, the sum of $2,250, with interest. It was further alleged that, when the note was executed and to secure its payment, as well as to indemnify John Reed, Challie Conley, and B. P. Holbrook, who were sureties on the note, a mortgage was given covering three separate parcels of land. The mortgage was executed by Kelse Arnett and his wife, parties of the first part to John Reed, Challie·Conley, and B. P. Holbrook, parties of the second part. It was recited therein that it was given to secure the payment of the note to the Salyersville National Bank or any renewal thereof. The mortgage purported to convey all right, title, and interest in the property for the purpose aforesaid, and contained a covenant of general warranty. The note was renewed from time to time until Holbrook declined to unite in a further renewal, and, with the consent of all parties, W. S. Adams signed the note in his place. A new mortgage was executed to the same parties, except the name of Adams was substituted for that Holbrook, but it disappeared from the clerks office before it could be recorded.

Myra Arnett defended the action as against her upon the ground that one of the tracts of land embraced in the mortgage, which constituted her homestead, was included therein without her knowledge, and the instrument was procured from her by false statements and representations in so far as it covered or purported to embrace the homestead property; that she was illiterate and signed the mortgage by mark, and that she was deceived and misled by the misrepresentations, believing that the

mortgage covered only the lots and did not include the homestead; that the mortgage was not read or explained to her by the deputy clerk who took her acknowledgment; and that she was unaware of the fact that her homestead was put in lien by the mortgage.

The circuit court found in favor of the plaintiff, and entered a judgment enforcing the mortgage upon all the property described therein. From that judgment this appeal is prosecuted.

It is argued that the first mortgage was invalid to pass title to the homestead because Mrs. Arnett did not sign or acknowledge it, but the answer presented no issue as to the execution of the mortgage. It sought merely to eliminate therefrom the homestead land on the ground that its inclusion therein was procured by false representation. Moreover, the fact is fully established that the mortgage was executed and acknowledged by Mrs. Arnett. But it is argued that the mortgage, even though valid, was insufficient to waive the homestead exemption because it did not contain a specific expression for that purpose. It has been held that a mortgage, without a covenant of warranty, in which the wife joins solely for the purpose of conveying her dower, is not sufficient to relinquish her right to the homestead. Weir's Trustee v. Weir, 138 Ky. 788, 129 S. W. 108; Wing v. Hayden, 10 Bush 276; Herbert v. Kenton Building & Saving Ass'n, 11 Bush, 296; Hayden v. Robinson, 83 Ky. 615; Thorn v. Darlington, 60 Ky. (6 Bush) 448; Hooser v. Smith, 10 Ky. Op. 611. But it is firmly established that a mortgage by a husband and wife conveying the entire estate, with a covenant of warranty, is sufficient to relinquish the homestead right, and a specific mention thereof, is not required. Hays' Adm'r v. Froman, 103 Ky. 350, 45 S. W. 87, 20 Ky. Law Rep. 53; McGrath v. Berry, 13 Bush 391; Whitt v. Bailey, 59 S. W. 514, 22 Ky. Law Rep. 1015; Robbins v. Cookendorfer, 10 Bush 629; Bray v. Ellison, 83 S. W. 96, 26 Ky. Law Rep. 552; Withers v. Pugh, 91 Ky. 522, 16 S. W. 277, 13 Ky. Law Rep. 104.

The appellant insists that the cases are in conflict, and that this case is governed by the ones first mentioned. But a careful consideration of the opinions cited discloses a clear distinction in the facts, and manifests the reasons for the application of different rules in the varying situations. The mortgage involved upon the present appeal falls within the line of cases last cited. It conveyed the

entire estate of the grantors, and every interest therein, which necessarily embraced the homestead interest.

It was alleged in the petition that the sureties who were named as parties of the second part in the mortgage had assigned the mortgage to the principal debtor. The record discloses no written assignment, although the evidence is uncontradicted that there was a written assignment which was lost or misplaced. Indeed, it appears to have been recorded in the clerk's office before it was lost. It is argued that the oral proof was incompetent to establish the assignment. It is not clear that any assignment was necessary, since the mortgage was given to secure the debt due the bank, and the bank at all times was the real party in interest, and entitled to be substituted to the rights of the sureties in the mortgaged property. Taylor v. Farmers' Bank, 87 Ky. 398, 9 S. W. 240, 10 Ky. Law Rep. 368; Macklin v. Northern Bank of Ky., 83 Ky. 314; Black v. Kaiser, 91 Ky. 422, 16 S. W. 89, 13 Ky. Law Rep. 11; Magoffin v. Boyle National Bank, 69 S. W. 702, 24 Ky. Law Rep. 585; Tolbott v. Lancaster, 9 S. W. 694, 10 Ky. Law Rep. 475; Dowell v. Woodsides, 27 S. W. 853, 16 Ky. Law Rep. 325. But, assuming that an assignment was necessary, it could be proven, under the circumstances disclosed, by oral testimony. Virginia Iron, Coal & Coke Co. v. Combs, 186 Ky. 261, 216 S. W. 846.

It is further argued that the action was upon an assignment of the mortgage, and was barred by limitation because more than five years elapsed after the. assignment before the action was instituted. The action was not upon the assignment, but upon the note. The mortgage given to secure payment of the note followed the debt (Security Ins. Co. v. Harrod Bros., 225 Ky. 12, 7 S. W. (2d) 492,) and an action to enforce the security will not be barred so long as the principal obligation remains in force. Assuming that the assignment was made more than five years before the suit was filed, although that fact is not entirely clear, the action was not barred by limitation so long as the notes were kept alive. Hamilton's Ex'r v. Wright, 87 S. W. 1093, 27 Ky. Law Rep. 1144; Clift v. Williams, 105 Ky. 559, 49 S. W. 328, 20 Ky. Law Rep. 1261, 51 S. W. 821, 21 Ky. Law Rep. 551; Craddock v. Lee, 61 S. W. 22, 22 Ky. Law Rep. 1651; Rhinehart v. Stacy, 213 Ky. 684, 281 S. W. 809; Alexander v. West, 241 Ky. 541.

The second mortgage added nothing to the security already given, and it is immaterial to inquire whether it was legally lodged for record. It merely conveyed to the sureties what had been conveyed to them by the earlier mortgage, and, when Adams became obligated in the place of Holbrook on the original obligation, he became entitled by substitution to the benefit of the property pledged for the payment of the debt. Alexander v. Ellison, 79 Ky. 148; Barker v. Illinois Surety Co., 169 Ky. 441, 184 S. W. 377; Dine v. Donelly, 134 Ky. 776, 121 S. W. 685; Illinois Surety Co. v. Mitchell, 177 Ky. 367, 197 S. W. 844, L. R. A. 1918A, 931. But the creditor in this action was claiming the benefit of the security, and the defendants could not complain that the enforcement of the undoubted rights of the creditor might incidentally benefit the surety, even if it should be conceded that Adams himself was not in position to enforce the security given his predecessor.

A careful consideration of the record constrains this court to the conclusion that the finding of facts by the circuit court was fully supported by the evidence, and that the law was correctly applied. The judgment merely enforced the mortgage and did not operate as a personal judgment.

The judgment is affirmed.