## Fields et al. v. Letcher State Bank et al.

(Decided Dec. 4, 1934.)

JOE HALL for appellants.

FRENCH HAWK, HARRY L. MOORE, R. MONROE FIELDS
and STEPHENS COMBS, Jr., for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Kelley Fields borrowed $750 from the Letcher State Bank, and executed a note therefor with W. E. Cook, R. Monroe Fields, and W. E. Brown, as sureties. At the same time Kelley Fields and his wife, Calliedonia Fields, executed a note and mortgage for the same amount to the sureties for the purpose of indemnifying them against loss. The note at the bank was renewed from time to time, and $100 was paid on it. The renewal note for $600 was then executed by Kelley Fields and his sureties to the bank. W. E. Brown declined to sign as surety of the last renewal note, but transferred to Monroe Fields by written indorsement his interest in the note for $750 and the mortgage to secure it. Calliedonia Fields died, survived by her husband, Kelley Fields, and several children, some of whom were infants. The Letcher State Bank sued Kelley Fields, W. E. Cook, and Monroe Fields to recover on the note which they had executed to it. W. E. Cook and Monroe Fields filed an answer and cross-petition against the heirs of Calliedonia Fields, seeking a recovery on the $750 note and the enforcement of their mortgage. Judgment was rendered in favor of the bank against the principal and sureties, and in favor of the sureties enforcing their mortgage lien. On appeal the court recognized the right of the bank on making the necessary allegations to be subrogated to the rights of the sureties under the mortgage, but reversed the judgment in favor of the sureties on the ground that they had not satisfied the debts sued

on. Fields et al. v. Letcher State Bank, 246 Ky. 229, 54 S. W. (2d) 910.

On the return of the case the Letcher State Bank filed an amended petition asking to be subrogated to the rights of the sureties, and for a judgment enforcing the mortgage lien. In the meantime H. R. Thornton, receiver for the First National Bank of Whitesburg, filed a petition to be made a party defendant, and sought to be subrogated to the rights of Isaac W. Fields on a mortgage executed to him and others to indemnify them from loss by reason of their having signed as surety for Kelley Fields a note to the First National Bank of Whitesburg for $600, all of which had been paid except about $225. Demurrers to the amended petition of the Letcher State Bank, and to the petition of the receiver of the First National Bank, were overruled, answers were filed, proof was taken, and judgment rendered ordering a sale of the land covered by the mortgages. From that judgment, this appeal is prosecuted.

It is first insisted that, inasmuch as the sureties were not entitled to enforce the mortgage liens for the reason that they had not satisfied the debts, neither the Letcher State Bank nor the First National Bank's receiver was entitled to enforce its mortgage lien. The argument is that the banks could not obtain by substitution greater rights than those possessed by the sureties to whose rights they were subrogated. We need not dwell at length on this contention. It is sufficient to say that a security given by the principal to his surety is a security for the debt, as well as for the ultimate protection of the surety, and operates eo instanti for the benefit of the creditor; and that in such case the creditor may be subrogated to the rights of the surety either on his own application or on the application of the surety after the debt matures in an action against his principal to compel payment. Alexander v. West, 241 Ky. 541, 44 S. W. (2d) 518; Arnett v. Salyersville National Bank, 242 Ky. 216, 46 S. W. (2d) 124. From this it follows that the banks were entitled to enforce the mortgage liens, although the sureties were not entitled to judgments enforcing the liens in their favor until they paid the debts.

There is no merit in the contention that the pleadings were defective in that they merely alleged conclusions of law. In each instance the pleading set out

the entire transaction, and alleged facts sufficient to make out a case of subrogation.

Paschal Fields, one of the heirs of Calliedonia Fields, filed an answer and counterclaim to the intervening petition of the First National Bank's receiver, stating that at the time it closed its doors the bank held on deposit for him the sum of $188.14, less 27 per cent. paid by the bank, and asked that the remainder be set off against any judgment against him by the bank. The court sustained a demurrer to, and dismissed, the pleading. Though the pleading was denominated "answer and counterclaim," the claim asserted therein was not available as a counterclaim, for the reason that it did not arise out of a contract or the transaction set forth in the intervening petition as the foundation of the intervening petitioner's claim, and was not connected in any way with the subject of the action. Section 96, Civil Code of Practice. Newman's Pleading and Practice, page 602. Nor was the claim asserted available as a set-off. The purpose of the receiver's action was to enforce a mortgage lien on land that on the death of Calliedonia Fields descended to Paschal Fields and others, subject to the mortgage. To do this it was necessary to make Paschal Fields a party defendant, and, as no personal judgment was sought against him, he could not set off his individual claim as a depositor of the bank against the mortgage lien.

Judgment affirmed.