## Carr et al. v. Britton et al.

(Decided March 19, 1937.)

ROBERT C. RIVES for appellants.

ERROL W. DRAFFEN for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

W. C. Carr, the appellant in this action, is seeking to recover a homestead, in behalf of himself and his wife, in property sold by the master commissioner of the Mercer circuit court, under its judgment so directing and rendered by default in the case of James A. Stout's Committee v. W. C. Carr et al., at which sale the appellee Finley Britton became the purchaser.

The lower court sustained a demurrer to the petition, and, the plaintiffs declining to plead further, their petition was dismissed. They have appealed.

The appellant has made the complete record in the case of Stout's Committee v. Carr, wherein the sale was ordered, a part of his petition, and by which it appears that the suit foreclosing on appellant's mortgage was filed September 5, 1933, by James A. Stout's Committee, as assignee of the bank's note and mortgage.

Further, in that action, it was alleged that the defendant therein, W. C. Carr, here appellant, had executed and delivered to the State Bank & Trust Company of Harrodsburg, Ky., his note for the sum of $1,100, and that simultaneously therewith, and as security for the payment of said note, he executed a mortgage to the bank, in which his wife joined, on his therein described lands. This note and mortgage were assigned by the bank to James A. Stout's committee.

In the prayer of the petition, a judgment was asked for $1,100, with interest, and that the bank be adjudged a lien on the real estate described to secure the payment of said sum; and that the real estate be sold as a whole in satisfaction thereof.

It appears by the record that copy of summons

was duly served on the defendants therein, W. C. Carr and wife, Janie Carr, on September 11, 1933, and that at the following October term, 1933, it was adjudged that the plaintiff recover of the defendant, W. C. Carr, the sum of his debt sued for of $1,100 with interest, and further adjudging that, "to secure the payment of said indebtedness, the plaintiff had a *valid and subsisting lien superior to all others*" on the real estate described in the petition and the said real estate was ordered "sold in satisfaction thereof *as a whole* at public auction." (Italics ours.)

Pursuant to such judgment and order of sale, the property was sold by the master commissioner on May 7, 1934, when the appellee Finley Britton became the purchaser thereof at the price of $1,500.

Further it appears, by the master commissioner's report of sale, that the property was duly appraised at the price of $2,000 and that, in offering the property for sale, he first inquired who would pay the judgment debt of $1,470 and take less than the whole property, when, there being no bids made, it was offered and sold "as a whole" to Finley Britton for $1,500; and that on May 18, 1934, the sale was duly confirmed and its purchaser awarded a writ of possession.

Further it appears that in the following October, 1934, the court ordered that the purchaser be permitted to pay the purchase-money bonds in full and that he be conveyed the property, which was done, the order reciting the execution of the deed, its examination and approval by the court, and its certification to the proper court for record. At the same time the court entered a further order directing the master commissioner to pay, out of the sale proceeds of $1,552, the plaintiff its debt, interest and costs of $1,366, and to hold the remainder subject to the further orders of the court.

By the record in the foreclosure suit, it also appears that on October 3, 1934, the appellant Carr entered a motion, whereby he asked that the proceedings in the case against him be stayed, "in accordance with the provisions of section 75 and amendments of the Frazier Lemke Debt Scaling Bill," because he had filed a petition for an extension of time and for benefits under same. Also, by another motion made in Decem-

ber, 1934, he moved the court for an order adjudging him to be the owner of a landlord's one-half interest in certain named crops, which had been produced that year on the mortgaged lands by the appellee Finley Britton as his tenant, which was granted, his share in the crops being ordered turned over to him.

These several motions and proceedings are here noted only as tending to show that all questions arising as to the entire and whole interest of the appellant in the lands involved were therein adjudicated.

The appellant, claiming that the mortgage executed by him and his wife to the bank, here foreclosed, did not waive or convey his homestead in the said lands and that his homestead was not sold under the judgment of the court, joined with his wife as plaintiff in bringing the instant suit to recover his homestead in the lands and to have same set apart to him.

By this petition he alleged that he was a "bona fide housekeeper with a family, residing in Mercer county, Kentucky," by reason of which he was entitled to a homestead in the mortgaged lands upon which he resided in Mercer county, and which homestead right was exempt from sale under judgment foreclosing the mortgage as executed by him and his wife thereon; and that same was not waived nor parted with under the terms of the mortgage here foreclosed, which is as follows:

"This mortgage made and entered into this the 9th day of August 1927 by and between W. C. Carr and wife Janie Carr of Salvisa, Mercer county, Kentucky, parties of the first part and the State Bank & Trust Company of Harrodsburg, Kentucky, party of the second part, Witnesseth:

"That whereas the parties of the first part are indebted to the party of the second part in the sum of Eleven Hundred Dollars as evidenced by first parties' promissory note this date executed and delivered to second party for said amount due and payable one year after date with interest at the rate of six per cent from date until paid, now therefore, in order to secure second party in the payment of the said note together with all interest thereon and any and all renewals thereof in

whole or in part, first parties do by these presents mortgage unto said second party, its successors and assigns the following described tracts of land: [Four tracts described.]

"To have and to hold the above described tracts of property unto the said State Bank & Trust Company, its successors and assigns forever, provided however if first parties will pay or cause to be paid the within mentioned note and all interest at maturity or any and all renewals thereof either in whole or in part, then this mortgage to become null and void, otherwise to remain in full force and effect. * * *

"In testimony witnesseth the hands of the first parties this the day and year first above written.

> "W. C. Carr,
> "Janie Carr."

Section 1702, Kentucky Statutes, provides that a homestead to the extent of $1,000 in value shall be exempt from sale under execution, attachment, or judgment, except to foreclose a mortgage given by the owner of a homestead.

This exception, "to foreclose a mortgage given by the owner of a homestead," appellant contends does not apply to all mortgages, but only to those wherein the homestead exemption is waived.

It is clear that in the instant case no express waiver of appellant's homestead was made in the mortgage, nor was the same expressly reserved. In fact, no reference whatever to the mortgagor's homestead is made in the mortgage, joined in by his wife, leaving it a question as to whether it was intended to be parted with by mortgagor by implication, which it appears is to be determined by our decision of the question as to whether the terms of the mortgage were such as reasonably manifested, or evidenced, an intention on the part of the mortgagor to thereby dispose of or part with his entire interest in the mortgaged property, or to put in lien to his creditors, without reservation, his whole estate.

The contention here made by appellant appears to

have been adversely answered by us in the case of Hays' Adm'r v. Froman, 103 Ky. 350, 45 S. W. 87, 20 Ky. Law Rep. 53, where it appears we were called upon to decide this precise question and where the facts and circumstances were almost, if not wholly, analogous to those here presented. In the Froman Case one Jeremiah Froman had executed his note to the appellant's intestate for $1,400 with interest. The appellee Matilda Froman was the wife of the appellee, Jeremiah Froman, and to secure the payment of the note the appellees had executed a mortgage to one B. E. Froman, which provided as follows:

> "I hereby mortgage to B. E. Froman a tract of land lying on the Rolling Fork and Salt rivers, in Hardin county, Ky. * * * containing 106 acres, being the land on which I now reside, to secure him in the payment of one note for the sum of $1,400, payable five years after date, with 6% interest from date, to be paid annually.
>
> "Given under my hand, this 5th Febry., 1891.
>
> > "Jeremiah Froman.
> > "Matilda E. Froman."

There the court, in considering the question as to whether or not the appellees had parted with their right of homestead in the mortgaged lands under this mortgage, said:

> "The sole question in this case is whether the mortgage embraces the homestead exemption in the land. It is not necessary in a mortgage, in order to relinquish or waive homestead exemption, that language should be used expressly stating that such exemption is relinquished or waived. If the instrument purports to convey the entire estate, and the wife is a party grantor to it, then it operates as a waiver of the homestead exemption in the land which it purports to convey.
>
> "It was said in McGrath, etc., v. Berry, 13 Bush, 391, 395: 'The most reasonable construction of the language of the legislature seems to be that it is necessary for the wife to subscribe a mortgage which, either in express terms or by legal implication, conveys an absolutely unincumbered

fee-simple estate, in order to defeat the claim of the husband to the homestead.' * * *

"We are of the opinion that the language in the mortgage conveys the entire interest in the land which embraces the homestead exemption; hence the homestead exemption is waived thereby."

Again this question, as to whether or not the mortgage sought to be enforced embraced the homestead exemption in the land, was considered in the case of Bray et ux. v. Ellison, 83 S. W. 96, 97, 26 Ky. Law Rep. 1039, where we said:

"In Hays' Adm'r v. Froman, etc., 103 Ky. 350, 45 S. W. 87 (20 Ky. Law Rep. 53) the question we are now considering was raised in regard to a mortgage, the language of which was very much like that of the one here involved. * * * Froman and wife lived upon the land when the mortgage was given, and he was a bona fide housekeeper. In passing upon the question whether the above mortgage embraced the homestead exemption in the land, the court said: 'If the instrument purports to convey the entire estate, and the wife is a party grantor to it, then it operates as a waiver of the homestead exemption in the land which it purports to convey. * * * The wife is as much a grantor in the instrument as is the husband. The language of the mortgage is of that import.' "

And so here the wife appears to be as much a grantor in the instrument as the husband. She resided upon the land just the same as did he, and the language of the mortgage manifests an intention of the parties to convey the entire interest in the lands, embracing the homestead exemption. Hence we must conclude it constituted a waiver of it.

To like effect was it held in Arnett v. Salyersville National Bank, 242 Ky. 216, 46 S. W. (2d) 124, where the court so interpreted the language of a mortgage signed by husband and wife, which, while not expressly waiving the homestead exemption in the mortgaged lands, was yet held by implication to waive the right of homestead therein, where it was construed as intended by the mortgagors to convey their entire or whole estate in their lands so mortgaged.

Such we find to be the established rule of this state, that no express waiver of a homestead exemption is required to be made in a mortgage in order for it to operate as a waiver of a homestead exemption in the lands, where the language of the instrument is such as to evidence the mortgagors' intention to convey their entire interest in their lands, whether conveyed with warranty or not.

Other questions are raised and discussed in briefs of the parties herein, but, in view of our conclusion reached upon this principal question submitted and argued upon this appeal, we deem it unnecessary to enter upon their discussion.

Judgment affirmed.